**Mamie Valentine, Administratrix of Estate of John James Hopkins, Deceased, Plaintiff-Appellee, v. William England, Defendant-Appellant.**

### Term No. 55–F–1.

Fourth District.

May 19, 1955.

Released for publication July 6, 1955.

276

Walker & Williams, and Robert F. Godfrey, all of East St. Louis, for defendant-appellant.

Listeman & Bandy, of East St. Louis, for plaintiff-appellee.

MR. JUSTICE SCHEINEMAN delivered the opinion of the court.

John James Hopkins was killed in a collision between a truck and a train, while riding as a guest in the truck which was owned by defendant, William England, and was being operated in the course of his business by his employee. The plaintiff, as administratrix, brought this suit and recovered a judgment on a verdict for $10,000. On this appeal, the defendant contends the court should have directed a verdict in his favor. An alternative motion for new trial is not argued and is therefore deemed waived.

The occurrence took place at night, at a railroad crossing in the City of East St. Louis. The cause went to trial on a complaint which duly alleged that defendant's driver was guilty of wilful and wanton misconduct, and that the deceased was not guilty of any wilful and wanton misconduct which contributed to the result. No evidence was offered in support of the latter allegation, and the evidence is conflicting as to the driver's conduct, especially as to the conditions which he faced. The testimony favorable to plaintiff is thus summarized in her brief:

"The weight of the testimony shows that the warning lights were flashing, the bell on the train was ringing, that the horn was sounding a warning, that vehicles were stopped and waiting at the crossing, and

that all in all defendant's driver had been warned in some four or five ways of the approach of the train, but that he heeded none and instead drove blindly onto the crossing and into a diesel engine."

There is evidence to support the above statement of the conditions. Since the question before this court does not involve the weight of the testimony, the foregoing is accepted as true. Under the assumed conditions, the driver exhibited such a conscious indifference to consequences, and reckless disregard of obvious duty, that a finding of wilful and wanton misconduct on his part is justified. But the liability of defendant is predicated upon the conditions outlined above, and it must not be forgotten that, if those conditions existed, they existed for the guest as well as for the driver.

The deceased had been having coffee with the truck driver when the latter received a call for his tow truck. They got in the truck with the deceased at the driver's right, and proceeded east to Ninth street, then turned south and soon came to the tracks. The waiting vehicles which they passed were on the side where the deceased sat, and the train approached from that side. Thus he was in a position at least as good as, if not better than that of the driver to observe the train and the warnings of its approach.

The general rule applicable has been thus stated in Gulf M. & O. R. Co. v. Fruend, 183 F.2d 1005, 21 A.L.R.2d 729, a federal case applying Illinois substantive law: "The general rule is that while contributory negligence in the sense of failing to exercise ordinary care is not a defense to an action charging wanton conduct on the part of defendant, the wanton or reckless disregard by the plaintiff for his own safety bars recovery against the defendant whose wanton conduct contributed to cause the injury. Restatement of Torts, Vol. 2, Sec. 503. The rule is in

278

effect in Illinois, Schneiderman v. Interstate Tr. Lines, 394 Ill. 569."

The cited Illinois case recognized the rule stated, but on the facts before it, held there was a question for the jury and remanded the case. In Lane v. Bobis, 340 Ill. App. 10, the court held that even though the defendant was guilty of wilful and wanton conduct, the fact that plaintiff was guilty of the same wrong was a complete defense. In Rogers v. Chicago Transit Authority, 341 Ill. App. 46, the court found the evidence showed plaintiff guilty of wilful and wanton conduct and directed a verdict for defendant.

In Jacobs v. Illinois Nat. Bank & Trust Co., 345 Ill. App. 30, the court said: "Before this plaintiff is entitled to recover he must prove the material allegations of his complaint. The burden is on him to prove by a preponderance of the evidence, direct or circumstantial, that his intestate was riding in an automobile driven by Yardley as a guest-passenger, that plaintiff's intestate had no control over the driver of the car or control over its operation and that the driver of the car in which he was a passenger was guilty of wilful and wanton misconduct and that he, plaintiff's intestate, was free from wilful and wanton misconduct which proximately contributed to his death."

In Willgeroth v. Maddox, 281 Ill. App. 480, the court said the driver and guest "were guilty of negligence or wilful and wanton conduct to the same degree, as they both had equal opportunity to observe the approaching train."

The case of Prater v. Buell, 336 Ill. App. 533, arose on pleadings, and the court there held that, since wilful and wanton conduct of plaintiff is a complete defense, the plaintiff must allege and prove his freedom from the same fault that is charged to defendant.

██ ██ From the foregoing authorities it is apparent that the plaintiff had the burden of alleging and

279

proving her intestate was not guilty of the same fault charged against defendant. In the absence of any evidence on an issue, the jury should not be permitted to guess and conjecture on the question. Dee v. City of Peru, 343 Ill. 36; Henert v. Chicago & N. W. Ry. Co., 332 Ill. App. 194; Wilkerson v. Cummings, 324 Ill. App. 331.

 Plaintiff seeks to sustain the verdict on the principle that the conduct of a party may be inferred from all the facts and circumstances shown to exist prior to and at the time of the collision. Schaffner v. C. F. Massey Co., 270 Ill. 207; Ruspantini v. Steffek, 414 Ill. 70, 74. There is no doubt of the validity of this principle, but how can it be applied in this case? The facts and circumstances in evidence are relied upon as sufficient to make a case of wilful and wanton conduct on the part of defendant. The same facts and circumstances cannot simultaneously absolve plaintiff's intestate of the same fault. The two persons were confronted by the same conditions, whatever they were, so that the same facts cannot be used to establish guilt of one and innocence of the other. In addition to the cases already cited above, there are others holding that conditions confronting both and establishing the wrong of a defendant cannot prove innocence of the plaintiff. Opp v. Pryor, 294 Ill. 538; Henert v. Chicago & N. W. Ry. Co., 332 Ill. App. 194.

 Plaintiff also cites Hill v. Richardson, 281 Ill. App. 75, to the effect that the instinct of self-preservation is sufficient to justify an inference that deceased was using due care. That case involved a plaintiff riding in the back seat of a car, under conditions of poor visibility, so that he was not in position to observe danger, and the result was justified without the dictum. In view of the frequency of crossing accidents, the dictum rests upon a rather flimsy factual basis. There is nothing to indicate that the instinct of self-preservation of the deceased was greater than, or different

from, that of the driver, who also went upon the tracks. Moreover, it has been held that, if a person gets himself into a position of peril by his own fault, the later instinct of self-preservation cannot affect his previous misconduct. Wilkerson v. Cummings, 324 Ill. App. 331.

Since there was no evidence that plaintiff's intestate was free from contributory wanton conduct, and the facts and circumstances in evidence are the same as to both parties, the trial court should have entered a judgment notwithstanding the verdict, and the judgment for plaintiff is reversed.

Judgment reversed.

CULBERTSON, P. J. and BARDENS, J., concur.