John Bucyna, Plaintiff-Appellant, v. Rizzo Bros. Movers, Inc., an Illinois Corporation, and William Henry Fitton a/k/a William Fitton, Jr., Defendants-Appellees.

Gen. No. 48,148.

First District, Third Division.

May 17, 1961.

Rehearing denied June 28, 1961.

Louis M. March, of Chicago, for appellant.

Wyatt Jacobs, of Chicago (Joseph B. Lederleitner, of counsel) for appellees.

MR. JUSTICE DEMPSEY delivered the opinion of the court.

The plaintiff, John Bucyna, was the driver of an automobile which was struck in the rear by a truck. A verdict of not guilty was returned in his $300,000.00 personal injury action brought against Rizzo Bros. Movers, Inc., the owners of the truck, and William Fitton, its driver. He complains that the verdict was against the manifest weight of the evidence, was the result of prejudicial cross-examination and argument, and incorrect instructions.

Four vehicles, traveling south on Morgan Street, near 36th Street, Chicago, were involved in the occurrence which took place about midday on November 8, 1957. The first auto to the south carried a sign designating it as a training car for student drivers. It was followed by a station wagon. Bucyna's auto was next in line and the defendants' truck brought up the rear. The last three vehicles had gathered at 35th Street while waiting for a traffic light. During this interval, the student-training car came from the east on 35th Street and turned south into Morgan. When the light changed, the three vehicles followed. They had proceeded for approximately a block and a half when the first car suddenly stopped. The station wagon and Bucyna's auto also stopped abruptly, but as the truck came to a stop it swerved to the right and struck the auto a glancing blow.

The left side of the truck's front bumper hit the right side of the auto's rear bumper. The auto was moved forward about three feet. Its right bumper-guard was pushed against the trunk; this caused a small dent in the trunk and prevented it from being opened. The damage to the auto was very slight (the only repair made was pulling the bumper-guard away from the trunk) but Bucyna, whose back had been fractured in a two-story fall from a scaffold a year earlier, claimed that he was seriously injured.

33

The plaintiff and the truck driver were the only eyewitnesses to testify. The operator of the student-training car—there was no evidence whether this was a student or an instructor—drove on. The driver of the station wagon got out, looked at the back of his car and then also drove away. No names nor license numbers were obtained. Bucyna said he was driving 15 to 20 miles per hour, 10 to 15 feet behind the station wagon, and came to a stop without touching that car. The defendants introduced no evidence. Fitton, the driver of the truck, was called as a witness by the plaintiff under section 60 of the Civil Practice Act. Ill. Rev. Stat., ch. 110, sec. 60 (1959). He testified that he saw the student-training car enter Morgan at 35th Street; that after the light changed he continued south in Morgan at 17 to 20 miles an hour, 18 to 20 feet behind the auto in front of him. He said he saw this auto suddenly recoil, that he applied his brakes and swung his small truck towards the right curb, in an attempt to avoid the auto, and was moving 3 to 4 miles an hour when their bumpers met.

■ ■ In support of the contention that the verdict is against the manifest weight of the evidence, the plaintiff argues that he is not bound by Fitton's testimony and that his own evidence shows the defendants to be guilty of negligence. It is true that he is not bound in the sense that he vouched for Fitton's credibility; he had the right to contradict or impeach the witness. The latter he tried to do through a police officer who testified that Fitton said he had been going between 20 and 25 miles per hour, and had reduced his speed to 5 to 7 miles per hour at the moment of impact. There was little discrepancy between his testimony and what he told the officer; the bulk of his testimony was uncontradicted. The rule is that a party calling an adverse witness under section 60 is bound by the uncontradicted testimony of that wit-

34

ness. Kapraun v. Kapraun, 12 Ill. 2d 348, 146 N.E.2d 7. Fitton's evidence was placed in the case by the plaintiff and it was the jury's province to determine what weight it was to be given. It was for the jury to decide from all the evidence if he was negligent, if he was not as alert as he should have been because of knowing that a student-training car was in the procession ahead of him, or if an emergency beyond his control made the accident unavoidable. In our opinion there was a substantial basis for the verdict and it certainly was not contrary to the manifest weight of the evidence. Curry v. Klotz, 25 Ill. App. 2d 265, 167 N.E.2d 1; Jones v. Hutchins, 19 Ill. App. 2d 484, 154 N.E.2d 304.

█ Bucyna testified that he heard Fitton plead guilty in the Municipal Court of Chicago to a charge of driving too close for traffic conditions. Prior to this, his attorney had had the Municipal Court record identified. In cross-examining Bucyna and the deputy clerk who produced the record, the defendants' attorney attempted to show that Fitton actually had pleaded not guilty. In doing this he asked them to read from the record and then offered the pertinent part of the record in evidence. The exhibit had not been received in evidence and therefore could not be read to the jury, and it could not be introduced—even if it were competent—by the defendants during the plaintiff's case. The attorney's actions, while improper, were not in our opinion prejudicial under the circumstances. First, the court sustained every objection to his questions and to his offer. Secondly, the plaintiff's attorney was also at fault. The Municipal Court record had no legitimate place in the plaintiff's case. (It did not show an admission against interest. Fitton had pleaded not guilty, had been found guilty and fined $2.00.) Galvan v. Torres, 8 Ill. App. 2d 227, 131 N.E.2d 367; Johnson v. Stotts, 344 Ill. App. 614, 101

N.E.2d 880. Its use by the plaintiff had a deceptive quality: having it in court tended to bolster Bucyna's erroneous assertion that Fitton had pleaded guilty. Furthermore, the plaintiff's attorney said, during cross-examination, that he had no objection if the defendants introduced the whole exhibit, but that he did object to their offering just a part of it. Both attorneys were jockeying before the jury; one to show the plea of not guilty, the other to show the finding of guilty. The net result was more beneficial than harmful to the plaintiff; his testimony that Fitton pleaded guilty stood unimpeached.

The plaintiff objects to several comments in the defendants' opening statement and final argument. Only two of these comments approach the prejudice claimed by the plaintiff and, therefore, merit attention. In his opening statement the attorney said he would present an orthopedist who would testify (a) that Bucyna's injuries resulted from the scaffold fall a year before the auto accident and (b) that Bucyna concealed the fall when the orthopedist examined him. Because the defendants rested after the plaintiff's case, the orthopedist did not testify.

There is a distinction between outlining the testimony of a non-produced witness to a jury and misstating the testimony of a witness who is produced. In the first instance, if the witness is available, the failure to call him is intentional and queries arise as to the good faith of the attorney who made the statements and the harm those statements may have done to the adverse party. In the second instance, if the misstatements are inadvertent and the forthcoming testimony not as anticipated, or if they are deliberate, the harm generally is to the party making them. In the present case the defendants could have called the orthopedist as a witness. Since they did not, we must determine if the opening comments deprived the plain-

tiff of a fair trial. The import of these comments—
that Bucyna was not injured in the auto accident but
was trying to blame all his troubles on that accident
—was a serious reflection on the plaintiff, and such
promised testimony would have been damaging to his
case. The question is whether the unsupported comments were equally damaging.

Four considerations prompt us to answer the question negatively. First, any adverse influence the comments might have had upon the jury was cushioned
by the defendants' attorney. He prefixed his opening
statement by warning the jury that nothing he said
should be taken as evidence in the case, and he added,
". . . if I say something that is not proven later
. . . in all fairness to the plaintiff, I ask you to disregard it." Second, Bucyna's own doctor did not tie
in his injuries and the treatments and surgery given
him after the auto accident with that accident. At
the end of the doctor's testimony the jury could have
concluded that all his injuries resulted from, and that
the surgery and continued treatments were the aftermath of, the scaffold fall. Third, Bucyna testified
about his fall from the scaffold and the injuries resulting therefrom. He also related his pain and hospitalization after the auto accident. He denied specifically that he had withheld any information from the
orthopedist but, on the other hand, said the orthopedist inquired about the scaffold accident and appeared
to know all about it. His testimony, being uncontradicted, far outweighed the opening statement to the
contrary. Fourth, there is no indication that there
was bad faith on the part of the defendants' attorney.
At the time of the opening statement it was evidently
the intention to put the orthopedist on the stand. The
decision not to was not directed to him alone; it was
a consequence of the more enveloping decision not to
put in any defense. This strategy undoubtedly de-

veloped as the case unfolded. The truck driver's version of the accident was placed before the jury by the plaintiff; the orthopedist's testimony was not needed in view of the deficiency in the plaintiff's own medical proof; the defendants' case was rather well presented by the time the plaintiff's case ended. Indeed, at this stage of the trial the defendants' attorney may have shrewdly calculated that the jury, even if it believed that the plaintiff had been injured in the auto-truck accident, might conclude that he was overreaching because of asking for damages of $300,000.00 and because all his pains and hospitalization after November 8, 1957, were attributed to the accident of that date.

The instructions complained about do not appear to have been objected to in the trial court. If objections were made, they were not preserved in the record. Objections to instructions will not be considered when made for the first time on review. Saunders v. Schultz, 20 Ill. 2d 301, 170 N.E.2d 163; Onderisin v. Elgin, Joliet & Eastern Ry. Co., 20 Ill. App. 2d 73, 155 N.E.2d 338.

The judgment of the Circuit Court will be affirmed.

Affirmed.

SCHWARTZ, P. J. and McCORMICK, J., concur.