Diane Gringer, Plaintiff-Appellee and Appellant, v. George Dattilo, Defendant-Appellant, and Alfred H. Schmidt, Sr., Administrator of the Estate of Alfred H. Schmidt, Jr., Deceased, Defendant-Appellee.

Alfred H. Schmidt, Sr., Administrator of the Estate of Alfred H. Schmidt, Jr., Deceased, Plaintiff-Respondent, v. George Dattilo, Defendant-Petitioner.

Gen. Nos. 50,510 and 50,584.

First District, Second Division.

December 6, 1966.

Howard C. Sorensen and Pretzel, Stouffer, Nolan & Rooney, of Chicago (Joseph B. Lederleitner, of counsel), for appellant, George Dattilo.

Martin J. McGuire, of Chicago (Martin J. McGuire and Philip J. McGuire, of counsel), for appellant, Diane Gringer.

Hubert E. Hermanek, Robert O. Duffy, and Beverly and Pause, of Chicago (Hubert E. Hermanek and Robert O. Duffy, of counsel), for appellee, Alfred H. Schmidt, Sr.

MR. JUSTICE BURKE delivered the opinion of the court.

The actions arose out of an occurrence on the morning of December 18, 1957, involving four automobiles and three successive collisions on Mannheim Road, a 4-lane, north-south highway, a short distance north of its intersection with Irving Park Road, near Schiller Park. Two of the automobiles were traveling southbound and the other two were traveling northbound. The two northbound vehicles were driven by plaintiff Diane Gringer and by Thomas Kolar, who is not a party to these proceedings. Defendant George Dattilo was operating one of

the southbound vehicles. The other southbound automobile was operated by Alfred Schmidt, Jr., and contained a passenger, Jacques LaVoise, both of whom died as a result of injuries received in the accident. For convenience, the Estate of Schmidt shall be referred to as "Schmidt." The Estate of LaVoise is not involved in this appeal.

Plaintiff Gringer brought an action against both Schmidt and Dattilo, and Schmidt brought an action against Dattilo; the cases were consolidated for trial. The jury returned a verdict in favor of Dattilo and against Schmidt in the Schmidt-Dattilo action and the trial court granted Schmidt's motion for a new trial. In the action of Gringer against Schmidt and Dattilo, the jury returned a verdict in favor of Gringer and against Schmidt and Dattilo in the amount of $10,000. Judgment was entered on the verdict against Dattilo, but the court granted Schmidt's motion for judgment notwithstanding the verdict. Dattilo appeals from the judgment for Gringer and against Dattilo. Gringer appeals from the judgment notwithstanding the verdict in favor of Schmidt and against Gringer. Dattilo filed a petition for leave to appeal from the order granting a new trial in the action of Schmidt against Dattilo.

Shortly before 8:00 a. m. on December 18, 1957, the Dattilo automobile was proceeding southward on Mannheim Road in the outer lane toward Irving Park Road. It is undisputed that the morning was foggy or misty, the pavement wet and visibility fair. Traffic was backed up some 300 feet in the Dattilo lane to the Irving Park intersection and, after waiting for another vehicle to pass on his left and observing no traffic in the inner lane, Dattilo turned into the inner southbound lane of traffic. Dattilo testified that he had on his parking lights, that he looked into his outside rearview mirror, but not the inside mirror, before he turned, that there was a "blind spot" created by his outside mirror for a few feet behind

246

his automobile, and that he gave no turn signal prior to changing lanes. Dattilo stated that he proceeded in the inner lane for some three to five seconds, approximately 100 feet, when he was struck in the rear by the Schmidt automobile. The Dattilo automobile remained in its lane after the impact, but the Schmidt automobile careened into the inner northbound lane of traffic. The impact occurred some 200 feet north of the Irving Park intersection. Some 500 feet to the north of the intersection was a "SLOW" sign.

Diane Gringer testified that she was proceeding in the inner northbound lane, passing the Kolar automobile when, before she knew it, the Schmidt automobile was upon her and struck her automobile. She stated that either her or Schmidt's automobile then struck the Kolar vehicle which was traveling in the outer northbound lane. Mrs. Gringer stated that the Schmidt automobile was traveling approximately 55 miles per hour as it approached her automobile and that the Dattilo automobile was approximately 100 feet in front of the Schmidt automobile after the former had changed lanes.

The police were summoned after the accident and reports were made. The evidence indicates that there were scratches along the back end of the Dattilo automobile, that its left rear fender was caved in, and that there was damage to the right front end of the Schmidt car.

■ In his appeal against Diane Gringer, George Dattilo maintains that it was error to give Gringer Instruction No. 1 because it directed a verdict on liability in favor of Gringer and against Dattilo whereas the evidence on the issue was conflicting and presented a question of fact for the jury. The instruction reads:

"You are instructed that as a matter of law, you must find in favor of the Plaintiff, Diane Gringer, against Alfred Schmidt, Sr., Administrator of the Estate of Alfred Schmidt, Jr., Deceased or against

247

George A. Dattilo or against both of the said defendants herein."

It was reversible error to give this instruction in that it amounts to a directed verdict whereas the evidence on the question of liability was conflicting.

An issue of fact arose as to who was liable. The evidence shows that only the Schmidt vehicle crossed into the northbound lanes of traffic, resulting in the collision with the Gringer automobile, whereas the Dattilo automobile remained in its proper lane. Furthermore the allegations of negligence remaining in the Gringer complaint after some charges were stricken were not submitted to the jury. Other than Gringer Instruction No. 1, no instruction on issues between Gringer and the two defendants were given to the jury.

■ Gringer maintains that Dattilo admitted liability in his argument to the jury. Although it does appear that defense counsel admitted that Gringer was an innocent party, that statement does not constitute an admission of liability on Dattilo's part.

Thomas v. Cagwin, 43 Ill App2d 336, 193 NE2d 233, cited by Gringer in support of the instruction, is inapplicable to the case at bar. The evidence in the Thomas case showed that either one of two defendants, or both of them, had crossed the center line causing the accident there in question. In the case at bar, however, no evidence exists that the Dattilo automobile crossed the center line, but, on the contrary, the evidence shows that the automobile remained in its lane after the accident. Furthermore, in the Thomas case, counsel for the defendants agreed that one of the defendants had to be negligent, which is not the situation in the case at bar.

■ In her appeal against Schmidt, Diane Gringer maintains that the trial court erroneously granted judgment notwithstanding the verdict in favor of Schmidt in the light of the evidence in the record tending to show

negligence on his part. In determining negligence as a matter of law on a motion for directed verdict or for judgment notwithstanding the verdict, the evidence must be construed most favorably to the party against whom the motion is directed. Brown v. Motor Cargo, Inc., 12 Ill App2d 476, 139 NE2d 805.

There is evidence that the Dattilo automobile traveled some 100 feet in the inner southbound lane when it was struck in the rear by the Schmidt automobile while the latter was traveling approximately 55 miles per hour on a wet pavement some 200 feet from a controlled intersection and striking the Dattilo automobile with such force that the Schmidt automobile careened into the northbound lanes of traffic. There is also evidence that the Dattilo automobile was some 100 feet in front of the Schmidt automobile after the former moved into the northbound lanes. It cannot be said that there was not an issue of fact for submission to the jury as to the alleged negligence of Schmidt. It was error for the trial court to have granted judgment notwithstanding the verdict in favor of Schmidt and against Gringer. Bartolomucci v. Clarke, 60 Ill App2d 229, 208 NE2d 616.

Testimony was given at the trial by one of the investigating police officers to the effect that Dattilo was to blame for the accident. An objection to this testimony was improperly overruled. Trial counsel for Gringer is charged with indulgence in a personal attack on the attorney for Dattilo. We assume that on a retrial there will be no reason to complain on this ground.

The Schmidt post-trial motion in the action of Gringer against Dattilo and Schmidt asks for judgment notwithstanding the verdict, which the court granted. The Schmidt motion did not seek the alternative relief of a new trial. The trial judge therefore was not called upon and did not make any ruling on a motion for a new trial in the case of Gringer against Dattilo and Schmidt as is

249

provided by Section 68.1 of the Civil Practice Act; nor does Schmidt argue for or seek a new trial in his brief filed in this court.

For these reasons the judgment for Gringer and against Dattilo is reversed and the cause remanded for a new trial; the judgment notwithstanding the verdict for Schmidt and against Gringer is reversed and the cause remanded with directions to reinstate the judgment for $10,000 in favor of Gringer and against Schmidt. The petition by Dattilo for leave to appeal from the order allowing a new trial in the action by Schmidt against Dattilo is denied in a separate order entered today.

Judgment for Gringer and against Dattilo reversed and cause remanded for new trial; judgment notwithstanding the verdict for Schmidt and against Gringer is reversed and cause remanded with directions to reinstate the judgment for $10,000 in favor of Gringer and against Schmidt. Petition by Dattilo for leave to appeal from the order allowing a new trial in the action by Schmidt against Dattilo denied on separate order.

BRYANT, P. J. and LYONS, J., concur.

ON REHEARING

Having further reviewed the briefs and having considered the petition for rehearing, and the cases cited, we have decided to adhere to our opinion.