Larry L. Russell, as Administrator of the Estates of Robert Harold Russell and Helen G. Russell, Both Deceased, Plaintiff-Appellant, v. Kenneth Rowe, Administrator of the Estate of Eleanor Rowe, Deceased, Defendant-Appellee.

Gen. No. 66–126.

Second District.

April 24, 1967.

Rehearing denied and opinion modified June 8, 1967.

Bert P. Snow, of Freeport, for appellant.

Robert K. Clark, of Rockford, for appellee.

MR. JUSTICE ABRAHAMSON delivered the opinion of the court.

This is an appeal from the Circuit Court of Stephenson County. The action was brought to recover damages for the deaths of plaintiff's father and mother, occasioned by the alleged negligence of Eleanor Rowe, the defendant administrator's intestate. At the first trial a jury rendered a verdict for the defendant, which verdict was set aside by the trial court on the basis that it was contrary to the manifest weight of the evidence. An order was entered for a new trial. At the second trial a jury again rendered a verdict for the defendant. The court entered judgment on the verdict, denied plaintiff's post-trial motion for judgment for plaintiff notwithstanding the verdict and denied a new trial.

The accident occurred on January 2, 1965, at about 9:30 a. m. on a rural blacktop road about two miles northwest of the village of Lena in the direction of Waddams Grove, Illinois. The accident occurred about 540 feet northwest of an intersection called Five Corners. The weather on the day of the accident was somewhat overcast. The witnesses variously said that the road was icy in patches; that it had ice along the edges and was wet in the middle; and, that sections of it were iced over.

The road is approximately twenty feet in width and is generally straight and level in the area where the accident occurred. On the morning in question Robert Russell and his wife, Helen, were driving southeasterly. Eleanor Rowe was proceeding northwesterly on the road in question. As she proceeded in a northwesterly direction, another car ahead of her was being driven by a witness, Lloyd Haeft. He testified that he noticed Eleanor's car travelling about five or six car lengths behind him. When he reached the intersection of Five Corners he slowed down and turned off to his right. Eleanor's car apparently had been following him from Lena and presumably was travelling at the same rate of speed that he was driving, which was 50 miles per hour. Haeft proceeded about ¼ mile on the gravel road when he happened to look over his shoulder and saw two cars approaching each other on the blacktop road. They were about three or four car lengths apart. He did not know the speed of the cars and was not, from his position, able to say what side of the road the cars were on when they collided. After the accident no tire or skid marks were reported.

Pictures of the scene and testimony of the witnesses show that after the accident both cars were located to the left of the center of the road, being the proper lane for the Russell car. Both vehicles were heavily damaged on the front, the thrust of the impact appearing on the left front of both cars. There were no eye-witnesses to the impact and testimony on the habits of due care for both deceased drivers was received. The testimony on behalf of the plaintiff, among other things, revealed that he was not a slow driver on ice or wet pavement; that under such circumstances he drove around 40 to 45 miles per hour, but he never used the brakes on ice; and, that "he handled the car under

power" and "was a careful driver on wet, icy pavements."

Plaintiff's theory is that where the evidence established beyond a reasonable doubt that the collision occurred completely on plaintiff's intestate's side of the road, the plaintiff has made out a prima facie case of negligence and the defendant, having failed to explain how his intestate was on the wrong side of the road without negligence on her part, it was the duty of the trial court to direct a verdict for plaintiff. In support of his position, plaintiff cites numerous cases, among them Calvetti v. Seipp, 70 Ill App2d 58, 62, 63, 216 NE2d 497 and Tomlinson v. Chapman, 24 Ill App2d 192, 196, 197, 164 NE2d 240. In these cases as well as in others cited by plaintiff, there is evidence that the collision of the automobiles occurred as a result of defendant's automobile having skidded or being driven into the oncoming lane in which plaintiff's car was located. The court has held that it was incumbent upon defendant to show that his skidding or driving across the center line into the oncoming lane was not due to defendant's negligence. Such is not the case before us. There is no evidence indicating in which lane of traffic the initial contact of the automobiles took place.

In the first instance there is a burden upon the plaintiff in any case charging negligence to prove the negligence of the defendant by the greater weight of the evidence. The mere happening of an accident, together with the exercise of ordinary care by the plaintiff, does not of itself raise any presumption of negligence on the part of the defendant. Krump v. Highlander Ice Cream Co., 30 Ill App2d 103, 105, 173 NE2d 822; Brown v. Boyles, 27 Ill App2d 114, 124, 169 NE2d 273. The record before us does not contain the trial court's instuctions to the jury. We must assume that the jury was properly instructed. The evidence produced either by testimony or exhibits, presented questions of fact

for the jury to decide. This court will not disturb the verdict of a jury upon a question of fact, unless clearly and palpably erroneous or against the manifest weight of the evidence. Brown v. Boyles, supra, page 126. In the opinion of this court there is little evidence of negligence and certainly not such clear, indisputable evidence as would make the verdict of the jury against the manifest weight of the evidence.

■ When successive verdicts in the same case on substantially the same evidence are in favor of the same party reviewing courts are reluctant to disturb the verdict as contrary to the weight of the evidence. Dixon v. Montgomery Ward & Co., Inc., 8 Ill App2d 564, 132 NE 2d 20 (Abst.). In the language of Brossman v. Drake Standard Mach. Works, 177 Ill App 323, at page 324, "Upon these questions of fact two juries have passed, and we are not convinced from an examination of the record that the verdict of the jury is manifestly against the weight of the evidence. We are, therefore, not authorized to set aside the verdict upon the ground that appellant was not guilty of any negligence or that appellee was guilty of contributory negligence."

The judgment of the trial court will be affirmed.

Judgment affirmed.

DAVIS, P. J. and MORAN, J., concur.