**Walter Jendreas, Plaintiff-Appellant, v. Erma Alexander, Defendant-Appellee.**

**Gen. No. 50,782.**

First District, Fourth Division.
September 20, 1967.

Philip E. Howard and Jerome H. Torshen, of Chicago (Jerome H. Torshen, of counsel), for appellant.

George F. Barrett, of Chicago (Donald J. Duffy, of counsel), for appellee.

MORAN, J.

Plaintiff appeals from a judgment of the Circuit Court of Cook County entered on a jury verdict in a personal injury case.

On the 17th day of September, 1957, plaintiff was seated in the rear of an automobile driven by one Tony Reinhofer, which was involved in a six-car accident that occurred on South Shore Drive in the City of Chicago. The first three cars, including car No. 3 in which plaintiff was riding, had stopped, when car No. 3 was struck by car No. 4 operated by a man named Carter. The defendant, Erma Alexander was operating the fifth car which struck car No. 4, after it had been hit by car No. 6.

Plaintiff contends that the trial court erred in not directing a verdict for plaintiff on the issue of liability for the reason that the evidence, when taken most favorably toward defendant, proved that the defendant as a matter of law was the sole proximate cause, or at least a contributing cause, of plaintiff's injuries. He contends, alternatively, that the verdict is against the weight of the evidence and he is entitled to a new trial.

Plaintiff's evidence consists of his own testimony, the testimony of a passenger named Foss and certain claimed admissions in answers to questions given by the defend-

ant when she testified at a former trial concerning the same accident.

Plaintiff testified that he and two fellow employees, Tony Reinhofer and Clarence Foss, were in an automobile going south on South Shore Drive on the 17th day of September, 1957, when it was involved in a collision. Reinhofer was driving, Foss was seated next to Reinhofer in the right of the front seat and the plaintiff was seated in the back seat, directly behind Foss. There were two cars in front of the Reinhofer car and three cars behind it which were involved in the collision. The two front cars had stopped and the Reinhofer car had stopped about four or five feet behind car No. 2 and had been stopped about four or five seconds when it was struck by car No. 4 driven by a man named Carter. After plaintiff's car had stopped, plaintiff looked over his left shoulder and saw the Carter car about one and one-half or two car lengths behind, going about thirty miles per hour and braking. He kept watching this car constantly until the time of the collision and testified that when car No. 4 hit the Reinhofer car, car No. 4 was going fifteen to twenty miles per hour and that it never stopped before it hit "our" car; that after the Reinhofer car was struck, it hit car No. 2 which in turn hit car No. 1. After the Reinhofer car was hit once, he felt it get hit in the rear again. He did not see any of the cars behind him other than the Carter car, prior to the accident.

Foss testified that their car was stopped for a couple of seconds when they first felt the impact of the collision; that their car was struck only once and that he heard a screeching of brakes before the collision. He did not see any of the cars behind them prior to the accident.

A court reporter testified that she had transcribed the testimony of the defendant at a prior trial involving the same collision. The claimed admissions in the testimony of the defendant, Erma Alexander, are substantially

that she did not know exactly how many times the front end of her car came into contact with the rear of the Carter car; that when her Packard was hit in the rear, she guessed that there was about three or four feet between the front of her car and the rear of the Carter Ford; that the Carter car was standing still when she hit it; that she did not think that car No. 4 had run into car No. 3 before she was knocked into car No. 4 by car No. 6; that car No. 4 went forward after the front end of her car came into contact with it; that she supposed that car No. 4 then came into contact with the rear of car No. 3; that she was sure "it was such an impact I am sure it had to go in front and hit the car that was in front of him"; that she was sure that car No. 4 had come to a complete stop and had not run into car No. 3 before she was hit; that car No. 4 had come to a gradual stop; that she was driving 40 to 45 miles per hour when she was hit in the rear and that at that time car No. 4 was already stopped; that she did not know how many feet behind car No. 4 she was when she was hit in the rear, but she was quite a ways and could have stopped; that she was something a little less than a car length away when another car hit her car in the rear and that her car was going 25 miles per hour at that time and had slowed up to make a stop.

The defendant's evidence consists of the testimony of the defendant, Erma Alexander, and Tony Reinhofer.

The defendant testified that she was driving south at the time and place in question at a speed of about 45 miles per hour and was not passing any cars; that there was a car in front of her which put on its brake lights and began to slow down; that she commenced to slow down also when she saw his taillights go on; that when she was trying to come to a complete stop, she was hit from behind; that just before putting her brakes on she was going 35 or 40 miles per hour; that when her car was hit from behind she was going ten or fifteen miles

per hour and slowing down; that when her car was hit from behind that she was knocked backward and forward on the steering wheel and she hit the Carter car which had come to a stop at that time; that she looked in the rearview mirror when she saw the Carter car starting to brake and saw the lady in the car as she was braking to slow down; that the Carter car was stopped about one second before she hit it.

On cross-examination she testified that the Carter car was slowing down and came to a stop; that Carter made a sudden stop; that it did not appear as though he had slammed on his brakes; that Carter was stopped a couple of seconds before she hit him; that she looked into the rearview mirror after she saw Carter start to slow down and at that time Carter was two or three lengths ahead of her; that when she looked up again, the Carter car was the same distance in front of her as before; that her car was going 45 miles per hour when it was struck from the rear and she was seven to ten feet behind Carter at that time.

Plaintiff contends that under this evidence defendant was negligent as a matter of law and was the proximate cause of plaintiff's injuries. He argues that defendant had a duty to observe cars ahead of her and to be sufficiently alert to have had her car under control, enabling her to stop; that even though she was struck by car No. 6 before she struck car No. 4, the evidence conclusively proves that she would nevertheless have struck car No. 4; that even though plaintiff's evidence indicates that car No. 4 struck car No. 3 before car No. 5 struck car No. 4, nevertheless the defendant is liable because defendant's impact with car No. 4 was almost simultaneous with car No. 4's impact with car No. 3 and had an adverse impact upon plaintiff's physical well being.

 Judgments should be directed and judgments notwithstanding the verdict entered only in those cases in

which all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors movant that no contrary verdict based on that evidence could ever stand. Pedrick v. Peoria & E. R. Co., 37 Ill2d 494, 229 NE2d 504.

■ The evidence when viewed in its aspect most favorable to defendant, is that defendant was driving at a speed of about 45 miles per hour, staying even with the traffic, when the car ahead of her began to brake and slow down; that she began to brake and decrease her speed, also, when she saw the taillights of the car ahead of her light up; that as she was coming to a stop and while slowing to a speed of ten to fifteen miles per hour, she was struck from behind, causing her to strike car No. 4. When we accept this version of plaintiff's evidence, we conclude that defendant was not guilty of negligence as a matter of law.

■ Plaintiff argues that defendant is bound by the prior sworn testimony which she gave under oath and that we should consider only this testimony and disregard her testimony at the second trial. Any testimony she may have given at a prior trial may constitute substantive evidence against her of the facts stated, but it does not bind her as a matter of law. We believe the facts in this case are covered by the rule stated in Guthrie v. Van Hyfte, 36 Ill2d 252, at page 258, 222 NE 2d 492:

> The fact that a witness, be he a party or otherwise, has made out of court statements inconsistent with his sworn testimony does not per se destroy the probative value of his testimony, and it ordinarily remains for the trier of fact to determine where the truth lies. (Cases cited.) Defendant argues that the contradictory statements here were those of plaintiff, himself, and cites numerous law review articles, text-writers and decisions to the effect that such

statements constitute substantive evidence against him of the facts stated. Such is, of course, the rule, and proof of such statements was here admitted. It then became the duty of the trier of fact—the jury—to evaluate the sworn testimony, the prior inconsistent statements and the explanations thereof, giving to the various witnesses such credence as the jurors determined proper. (Cases cited.)

 Nor do we agree with plaintiff's alternative contention that he is entitled to a new trial because the verdict is against the manifest weight of the evidence. Manifest means clearly evident, clear, plain, indisputable. Prowell v. Twin Mills Lumber Corp., 79 Ill App2d 401, 223 NE2d 749–753; Brayfield v. Johnson, 62 Ill App2d 59, 63, 210 NE2d 28, 30. Applying the rule in these cases to facts in the present case, we are unable to say that the verdict is against the manifest weight of the evidence.

For the foregoing reasons, the judgment of the Circuit Court of Cook County is affirmed.

Judgment affirmed.

GOLDENHERSH and EBERSPACHER, JJ., concur.