Richard E. Siebens, Administrator of the Estate of Marian Siebens, Deceased, Plaintiff-Appellant, v. Robert C. Konicek, and James H. Still, Administrator of the Estate of Lila M. Still, Deceased, Defendants-Appellees.

Gen. No. 68–126.

Second District.

April 28, 1969.

A. Denison Weaver, of Chicago, for appellant.

Strass, Terlizzi & Skjoldager, of Dundee, and Rissman and Jenkins, of DeKalb, for appellees.

MR. JUSTICE DAVIS delivered the opinion of the court.

On January 27, 1966, Marian Siebens sustained fatal injuries when the automobile in which she was riding as a guest passenger, and one driven by Robert C. Konicek, collided on By-pass 30 in Kane County. Lila M. Still, the driver of the automobile in which Marian Siebens was riding, was also fatally injured in the accident. Thereafter, the plaintiff, as administrator of the estate of

Marian Siebens, deceased, brought this wrongful death action against Konicek and James H. Still, as administrator of the estate of Lila M. Still, deceased. The complaint charged the defendant, Konicek, with ordinary negligence, while Lila M. Still, the host driver, was charged with wilful and wanton conduct. The jury returned a verdict in favor of both of the defendants, and the plaintiff appealed.

The collision took place in the westbound lane of Bypass 30 near its intersection with Orchard Road. The vehicle in which the plaintiff's intestate was riding was traveling in an easterly direction and Konicek's vehicle was westbound. The immediate destination of plaintiff's decedent and Lila M. Still was the Anchor Brush Company, where both women were employed.

The plaintiff's expert witness—a traffic engineer whose qualifications are unquestioned—testified that, from his subsequent reconstruction of the accident, it appeared that at the point of impact both vehicles were moving from the south (eastbound lane) into the north (westbound lane) of the highway. In essence, the theory of his testimony was that the automobile in which the plaintiff's decedent was riding, moved to the north into the westerly traffic lane to avoid Konicek's car, which was proceeding westerly in the wrong lane of traffic, and which suddenly veered back into the westbound lane, causing the collision.

The defendant Konicek called Henry Swanson, an investigator for the Kane County Sheriff's office, as his witness. Over objection of the plaintiff, Swanson was allowed to testify that in his opinion the collision between the two vehicles took place in the westbound traffic lane of By-pass 30. His opinion was based largely upon the position of broken glass from the vehicles. Konicek, the only occurrence witness, was precluded from testifying under section 2 of the Evidence Act (Ill Rev Stats 1965, c 51, par 2).

The plaintiff urges that the court erred in admitting the testimony of Swanson with reference to the point of impact; that such testimony suggested to the jury an inference that the car in which the plaintiff's decedent was riding turned left in front of the Konicek vehicle; and that the opinion of Swanson was not based upon the application of any engineering principles and was speculative.

■ While such testimony was concededly less scientific in nature than that introduced by the plaintiff's expert, such lack of expertise does not, under the facts of this case—where an investigating law enforcement officer renders an opinion as to the point of impact between two vehicles, based upon the location of debris—bar its admission. Thomas v. Cagwin, 43 Ill App2d 336, 340, 193 NE2d 233 (1963).

■ The plaintiff further contends that it was error to instruct the jury on the issue of the freedom of the plaintiff's decedent from contributory negligence and contributory wilful and wanton misconduct. This argument has, as its premise, the theory that there was no evidence in this case that the plaintiff's decedent failed to exercise ordinary care for her own safety. However, it is well established that to recover for injuries allegedly caused as the result of the negligence or wilful or wanton misconduct of the defendant, the plaintiff must prove his freedom from contributory misconduct of the same nature and degree as that alleged to have been done by the defendant. Zank v. Chicago, R. I. & St. P. R. Co., 17 Ill2d 473, 476, 161 NE2d 848 (1959); Valentine v. England, 6 Ill App2d 275, 278, 279, 127 NE 2d 473 (1955).

■ There is no presumption which completely relieves the plaintiff of the burden of establishing due care. Newell v. Cleveland, C. C. & St. L. Ry. Co., 261 Ill 505, 508, 510, 511, 104 NE 223 (1914); Overman v. Illinois Cent. R. Co., 34 Ill App2d 30, 42, 43, 180 NE2d 213

(1962). The burden remains with the plaintiff, and in the absence of proof of due care, the plaintiff cannot recover. Jung v. Buelens, 77 Ill App2d 391, 394, 395, 222 NE2d 707 (1966).

■ In the case at bar, even if we assume that Konicek was guilty of ordinary negligence and Lila M. Still was guilty of wilful and wanton misconduct at the time and place in question, it must be recognized that the situation facing the plaintiff's decedent immediately before the collision, was the same as that which faced her driver. The law imposes the same standard of duty for a passenger as for a driver of a vehicle, although the passenger's conduct which will satisfy this duty may not be as stringent as that required of the driver, because their circumstances are different. Zank v. Chicago, R. I. & St. P. R. Co., supra, 482, 483.

■ It is the duty of a passenger in a vehicle where he has the opportunity to learn of and avoid a danger, to warn the driver of a vehicle, of the approaching danger, and he has no right, because someone else is driving, to omit reasonable and prudent efforts on his own part to avoid danger. Zank v. Chicago, R. I. & St. P. R. Co., supra, 483; Gillan v. Chicago, N. S. & M. Ry. Co., 1 Ill App2d 466, 472, 473, 117 NE2d 833 (1954).

There were no competent eyewitnesses of the accident, and the plaintiff did not put on any proof of careful habits of the decedent. The question of contributory misconduct of the plaintiff's decedent was much at issue and there was little, if any, proof to satisfy the plaintiff's burden in this respect. Certainly, the plaintiff cannot complain of the issue going to the jury. Jung v. Buelens, supra, 394; Valentine v. England, supra, 279, 280.

■ Under the evidence in the case at bar, it was not error to instruct the jury on the issues of freedom

from contributory negligence and contributory wilful misconduct with reference to the plaintiff's decedent.

The plaintiff further urges that the court committed reversible error by giving instruction number 1 (IPI 21.02, modified), in that it improperly cast the burden on the plaintiff to prove that both his decedent and the host driver were in the exercise of ordinary care before he could recover from the defendant Konicek. If the instruction had the effect which the plaintiff contends, we would not hesitate to reverse on the authority contained in Schwartzenberg v. Midwest Transfer Co. of Illinois, 28 Ill App2d 30, 37, 38, 170 NE2d 29 (1960) which was cited by plaintiff.

However, this cause was consolidated at the trial with a companion suit brought in the name of James H. Still, as administrator of the estate of Lila M. Still, deceased, and against the defendant Konicek. The wording of the instruction objected to, when considered in this context, clearly appears to mean that, in their respective suits, the administrator of the estate of Lila M. Still, deceased, and the administrator of the estate of Marian Siebens, deceased, each had the burden of proving the exercise of ordinary care by his respective decedent, and did not have the burden of proving the exercise of ordinary care on the part of the other decedent. This being the case, there is no merit to the further objection that the wording of this instruction required the jury to make an election between the defendants as to liability and precluded them from rendering a verdict against both. From a review of all of the instructions, it is clear that Richard E. Siebens, as administrator of the estate of Marian Siebens, deceased, was not required to prove the use of ordinary care by the decedent Still in order to recover from Konicek, and, therefore, there

305

is nothing inconsistent in the other instructions which required Siebens to prove that his decedent's host driver (Still) was guilty of wilful misconduct.

In Hulke v. International Mfg. Co., 14 Ill App2d 5, 142 NE2d 717 (1957), at page 52, the court stated:

> "The proper approach in considering instructions is not whether each individual instruction is mechanically correct so as not to be subject to some technical objection, but whether or not the instructions when considered as a whole were sufficiently clear so as not to mislead the jury."

█ The instructions in this case, when read as a whole against the factual background of the case, and in the light of the plaintiff's Instruction No. 10—"(A)lthough there is more than one defendant in this action it does not follow from that fact that if one is liable both are liable. . . . You will decide each defendant's case separately as if each were a separate lawsuit"—reveal no reversible error. The judgment of the circuit court of Kane County is, therefore, affirmed.

Judgment affirmed.

MORAN, P. J. and ABRAHAMSON, J., concur.