JOSEPHINE D. RAMIREZ, Plaintiff-Appellee, *v.* DOROTHY DETERS, Defendant-Appellant.

Third District   No. 75-325

Opinion filed September 16, 1976.

Bozeman, Neighbour, Patton & Noe, of Moline (Richard M. Batcher, of counsel), for appellant.

Richard K. Smith, of Savanna, for appellee.

Mr. JUSTICE BARRY delivered the opinion of the court:

This case arose out of a one-vehicle collision which occurred on April 7, 1968. Plaintiff, Josephine D. Ramirez, was a passenger in the car being driven by the defendant in the early morning hours returning home after an evening out. Neither party had any present recollection of the accident due to retrograde amnesia caused by injuries suffered. There were no known eyewitnesses. Evidence concerning the collision and its cause was wholly circumstantial and primarily consisted of the testimony of State Trooper Larry Dowdy who was the first arrival upon the accident scene. The jury returned a verdict against defendant, Dorothy Deters, for $15,000 and judgment was entered thereon. The jury answered a special interrogatory asking, "Was Josephine Ramirez [plaintiff] immediately before and at the time of the occurrence, guilty of contributory wilful and wanton conduct which proximately caused or contributed to cause her injury?" in the negative. Defendant filed a post-trial motion seeking to set aside the judgment for plaintiff and enter a judgment notwithstanding the verdict. From the denial of this motion defendant has appealed.

Defendant phrases the one issue presented for review as whether the plaintiff sustained the burden of proving that she was free from contributory wilful and wanton misconduct at and immediately before the occurrence. The defendant contends that the plaintiff was guilty

of contributory wilful and wanton misconduct as a matter of law and that the issue should not have been presented to the jury.

■■ It is undisputed that in a proceeding under the Illinois automobile guest statute (Ill. Rev. Stat. 1969, ch. 95½ par. 10—201) then in effect, plaintiff's contributory wilful and wanton conduct that proximately contributes to her injury would bar her recovery from defendant. Defendant argues that plaintiff failed to produce any direct evidence of her due care or of her careful habits showing due care in general. From this argument defendant proceeds to suggest that the circumstantial evidence presented in this case is not sufficient to support the jury's answer to the special interrogatory that plaintiff was not guilty of contributory wilful and wanton misconduct or the verdict against defendant generally.

The law fixes the same general standard of duty for both the driver and the passenger of an automobile. Both must exercise reasonable care for their own safety. Plaintiff must prove that defendant was guilty of wilful and wanton misconduct and while she was not guilty of any misconduct of the same character herself. It is well established that the conduct which reasonable care requires of a passenger need not be the same conduct that reasonable care requires of a driver. (*Hatfield v. Noble*, 41 Ill. App. 2d 112, 190 N.E.2d 391 (1963); *Gillan v. Chicago North Shore & Milwaukee Ry. Co.*, 1 Ill. App. 2d 466, 117 N.E.2d 833 (1954).) The circumstances and degree of control of the operation of the automobile dictate that the passenger's conduct need not conform to the conduct of the driver to satisfy the reasonable standard of care the law requires.

■■■ Defendant's motion for a judgment *n.o.v.* presents a question of law as to whether, when all the evidence is considered, together with all reasonable inferences from it in its aspect most favorable to plaintiff, there is a total failure or lack of evidence to prove plaintiff's freedom from contributory wilful and wanton misconduct. Defendant relies upon the case of *Valentine v. England*, 6 Ill. App. 2d 275, 127 N.E.2d 473 (1955), to support her contention that the evidence which proves defendant guilty of wilful and wanton misconduct must also prove, in the absence of affirmative evidence of plaintiff's exercise of due care, that plaintiff was guilty of wilful and wanton misconduct on her own part. That case involved a unique fact situation not present in the instant case. There the passenger was presented with the same warning stimuli as the driver. The inaction and failure to warn on the part of the plaintiff passenger facing the same known and imminent danger (railroad crossing) as the driver was found to be contributory wilful and wanton misconduct as a matter of law and barred plaintiff from recovering. In the case at bar plaintiff testified that she was asleep immediately before and during the accident and remembers nothing. Although it is the duty of a passenger in a

vehicle, where he has the opportunity to learn of and avoid a danger, to warn the driver, that same duty of the passenger does not arise where there is no opportunity to learn of the danger or no known danger present. Generally it is the duty of the passenger to say nothing to the driver to distract or confuse him. Any other action or interference "is fraught with danger." *Zank v. Chicago, Rock Island & Pacific R.R. Co.,* 17 Ill. 2d 473, 484, 161 N.E.2d 848, 854 (1959).

■■ Plaintiff and defendant were good friends. Plaintiff had ridden with defendant many times and had no reason to be apprehensive about defendant's driving ability. Additionally defendant's automobile was equipped with a standard-shift transmission which plaintiff could not operate. From the circumstances presented and especially from the fact that defendant's car left the road for some unexplained reason and struck an embankment, plaintiff could not, we must assume, have had any meaningful opportunity to warn defendant or lend any assistance to the driver. *Valentine v. England,* 6 Ill. App. 2d 275, 127 N.E.2d 473 (1955), is distinguishable.

In *Siebens v. Konicek,* 108 Ill. App. 2d 300, 247 N.E.2d 453 (1969), the facts were similar to the instant case. There as here there were no competent eyewitnesses and plaintiff did not put on any direct proof of her freedom from contributory misconduct or any proof of her careful habits. The plaintiff's contributory misconduct was much at issue and only circumstantial proof was offered by plaintiff to satisfy her burden in this respect. The trial court, it was held, quite properly submitted the issue to the jury. Similarly in *Bergman v. Leitschuh,* 31 Ill. App. 3d 1, 333 N.E.2d 613 (1975), it was held that the question of whether a guest passenger's conduct is contributory wilful and wanton misconduct depends upon the facts in each case which are difficult to categorize and has been consistently held by the courts of this State to be a question of fact for the jury to decide. An injured party is not called upon under Illinois decisions to make direct proof of his own due care but is allowed to support his initial burden of proof with very slight evidence. Gard, Illinois Evidence Manual R. 118 (1963).

Contributory wilful and wanton misconduct, like contributory negligence only becomes a question of law when it can be said that all reasonable minds would reach the conclusion, under the particular circumstances, that the facts did not establish freedom from such misconduct. (*Zank v. Chicago, Rock Island & Pacific R.R. Co.,* 17 Ill. 2d 473, 161 N.E.2d 848 (1959); *Schultz v. Stephan,* 8 Ill. App. 2d 563, 132 N.E.2d 30 (1956).) "The more recent cases of the Supreme Court of this state indicate that it is the exceptional case wherein it can be said that the question of * * * contributory wilful and wanton misconduct on the part

of the guest, *is not* a question of fact for the jury." (Emphasis added.) *Lessen v. Allison*, 25 Ill. App. 2d 395, 401-02, 166 N.E.2d 806, 810 (1960).

■■■ Although we can not weigh the evidence heard in this cause, we have carefully examined the record to determine if there is any evidence of due care on the part of plaintiff. The evidence tended to prove that a one-car collision occurred, that plaintiff was asleep and could not remember the accident or its cause; that plaintiff had no reason to fear defendant's driving, that no imminently dangerous situation was presented to plaintiff, and that plaintiff did not have the opportunity to warn defendant of any danger. Under these circumstances the plaintiff had no duty to take any affirmitive action on herself. From this evidence the jury could properly draw the inference that plaintiff was free from any contributory misconduct. The cases clearly indicate a passenger's falling asleep is not contributory wilful and wanton misconduct (*Gillan v. Chicago North Shore & Milwaukee Ry. Co.*, 1 Ill. App. 2d 466, 117 N.E.2d 833 (1954)), absent the existence of circumstances that require being on the lookout for a known danger with the duty to warn the driver thereof. As was aptly stated in *Zank v. Chicago, Rock Island & Pacific R.R. Co.*, 17 Ill. 2d 473, 484, 161 N.E.2d 848, 853 (1959), "It is a matter of common experience that passengers in a vehicle trust to the driver to avoid the ordinary dangers of the road," and that they are not required "to tender advice, [or warning] unless conscious of the driver's ignorance or want of care."

The evidence in this case most favorable to plaintiff which must be taken as true for the purposes of defendant's post-trial motion and this appeal presents a factual question for the jury to decide. In our view the trial court did not err in denying defendant's post-trial motion for judgment notwithstanding the verdict. The judgment of the Circuit Court of Whiteside County is affirmed.

Affirmed.

ALLOY, P. J., and STOUDER, J., concur.