DOROTHY HAYES, Plaintiff-Appellant, *v.* LOWELL RUSSELL ALSBURG *et al.*, Defendants-Appellees.

Fourth District   No. 13986

Opinion filed September 12, 1977.

CRAVEN, P. J., dissenting.

Jerome Mirza & Associates, Ltd., of Bloomington, for appellant.

T. G. Knappenberger, Jr., of Champaign, for appellee Sidney M. Vickers.

Guy C. Fraker, of Costigan & Wollrab, of Bloomington, for appellee Terry L. Hart.

William C. Wetzel, of Livingston, Barger, Brandt, Slater & Schroeder, of Bloomington, for appellee Frank E. Enyart.

John Luedtke, of Yoder, Yoder, Luedtke & Hartweg, of Bloomington, for appellee Lowell Russell Alsburg.

Mr. JUSTICE MILLS delivered the opinion of the court:

Four-car accident.

Passenger asleep in #3 car injured.

Jury found for all four drivers.

Two issues here.

I. Whether the evidence established, as a matter of law, that one or more of the defendants were guilty of negligence.

II. Whether the trial court erred in submitting the question of plaintiff's contributory negligence to the jury.

The bottom line first.

We affirm.

The accident occurred on August 30, 1969, at about 1:30 a.m. It was a clear night and the pavement was dry. All the vehicles were in the passing lane on U.S. Route 66. Alsburg (#1), Vickers (#2), Enyart (#3) and Hart (#4).

Alsburg (in the lead) testified that he was preparing to turn left, and was about 100 feet from a crossover with his turn signal on, when he was struck in the rear by Vickers (the second driver). Vickers, however, testified Alsburg was beyond the crossover and stopped when he saw the Alsburg car, and that he (Vickers) had stopped behind Alsburg, when he was hit in the rear twice. Enyart (#3 driver) testified that he saw Vickers (#2 car) stopped ahead of him and that he (Enyart) was almost stopped when the Hart car (#4) hit him from behind and pushed him into #2 car (Vickers). Hart (#4) testified that he switched into the passing lane, immediately heard a crash and saw the Enyart car (#3) swerve up off the pavement. He braked, but was unable to stop, and hit Enyart.

All the passengers who testified corroborated the testimony of their particular driver. Plaintiff Hayes was a backseat passenger in the Enyart vehicle (#3) and was asleep at the time of the accident.

I

As can readily be seen, each of the drivers' testimony tended to exonerate himself and fault one or more of the other drivers. Plaintiff interestingly contends that, in this situation, she was entitled to a jury instruction which stated that the court found one or more of the defendants guilty of negligence but that it was for the jury to decide

which one or ones were negligent. She submitted such an instruction but it was refused.

■■ Plaintiff cites *Thomas v. Cagwin* (1963), 43 Ill. App. 2d 336, 193 N.E.2d 233, where such an instruction was given. The *Thomas* case was later distinguished in *Gringer v. Dattilo* (1966), 81 Ill. App. 2d 244, 225 N.E.2d 408. In *Thomas*, defense counsel conceded that at least one defendant was guilty of negligence. The court in *Gringer* held that it was error to give such an instruction where the evidence was conflicting and liability not admitted. The instruction states, in effect, that verdicts against one, or more than one, or all the defendants will be upheld because the evidence is overwhelmingly against them. But—inconsistently—it then implies that a verdict in favor of any particular defendant will be accepted as the evidence is not overwhelming against that individual. It is a directed verdict on conflicting evidence. As Justice English stated in his dissent in *Fugate v. Sears, Roebuck & Co.* (1973), 12 Ill. App. 3d 656, 299 N.E.2d 108, such an instruction is unfair and legally unsound.

■■ Conflicts in testimony are for the jury. Proof of an accident does not equate with proof of negligence. The burden is on plaintiff to prove negligence (*Russell v. Rowe* (1967), 82 Ill. App. 2d 445, 226 N.E.2d 652), not on defendants to disprove it. (*Brown v. Boyles* (1960), 27 Ill. App. 2d 114, 169 N.E.2d 273.) Even where plaintiff has been rear-ended, it is for the jury to decide if it was negligence or unavoidable accident. (*Bucyna v. Rizzo Bros. Movers, Inc.* (1961), 31 Ill. App. 2d 31, 175 N.E.2d 640; *Jendreas v. Alexander* (1967), 88 Ill. App. 2d 323, 232 N.E.2d 516.) And each defendant is entitled to have his case considered separately by the jury. (*Martin v. McCarry* (1971), 2 Ill. App. 3d 650, 275 N.E.2d 897.)

We have an additional factor here: this was the second trial in this cause. The first jury also came in with a verdict in favor of all defendants. Courts are reluctant to disturb successive verdicts in favor of the same party. *Wilson v. LaCost, Inc.* (1974), 20 Ill. App. 3d 624, 314 N.E.2d 27.

## II

■■ Plaintiff also contends that it was error to submit the issue of her due care to the jury. A passenger, like a driver, must be in the exercise of due care. However, because of the difference in circumstance, the general duty of a passenger is only to warn the driver of an obvious danger which the passenger sees and the driver might not. (*Wilson v. LaCost.*) Whether due care has been proven is generally for the jury.

■■■ Plaintiff here was asleep at the time of the accident. Sleeping is neither contributory negligence as a matter of law (*Ramirez v. Deters* (1976), 41 Ill. App. 3d 935, 357 N.E.2d 546) nor freedom from contributory negligence as a matter of law. (*Aurora National Bank v.*

*Galauner* (1967), 81 Ill. App. 2d 132, 224 N.E.2d 604.) However, it is a factor for the jury to take into consideration. We see no special circumstances which would cause this case not to fall under the general rule. It was late at night, the speed limit was high and the road crowded. Plaintiff's party had been traveling all day. The question was properly put before the jury as to whether plaintiff exercised due care for her own safety.

For these reasons, the judgment below is affirmed.

Affirmed.

REARDON, J., concurs.

Mr. PRESIDING JUSTICE CRAVEN, dissenting:

I simply cannot agree with the majority's conclusion that plaintiff's due care was an issue of fact. Reliance on *Aurora National Bank*, I feel, is misplaced.

In that case plaintiff, a passenger, was asleep in a pickup truck at the time of the fatal accident. The driver appeared intoxicated. Concededly, plaintiff's actions in riding with defendant, knowing his state of intoxication, could be viewed as contributory negligence, or contributory willful and wanton misconduct. Here, neither the speed limit, the number of cars on the road, nor the time of the day constitute factors, like the driver's intoxication in *Aurora National Bank*, which could reasonably thrust upon plaintiff the duty to remain awake and functioning as a backseat driver. Therefore there was no question of plaintiff's due care to put before the jury. Conceivably this error could have led to the verdict for the defendants even though the jury believed that one or more of them was negligent.

In addition, I am troubled by the jury instruction issue. I do not agree with the majority that this accident could reasonably have been found by the jury to have been "unavoidable." There was no evidence presented showing that an act of God, a mechanical malfunction, or an emergency caused the accident. All of the evidence points to the conclusion that the negligence of one or more of the defendants was the proximate cause of plaintiff's injuries. For that reason, and because plaintiff was asleep, unable to reconstruct the events from his own observation, I would permit the jury instruction which the trial court refused. *Cf. Ybarra v. Spangard* (1944), 25 Cal. 2d 486, 154 P.2d 687.