Grace Foster, Plaintiff-Appellee, v. Jesse E. VanGilder and Tel Radio Transport Corp., a Corporation, Defendants-Appellants.

Gen. No. 65–4.

Third District.

December 14, 1965.

Rehearing denied February 3, 1966.

Shapiro, Lauridsen, and Vogt, of Kankakee, for appellants.

Francis J. Householter, and Thomas A. Nutting, both of Kankakee, for appellee.

CORYN, J.

Plaintiff, Grace Foster, brought this personal injury suit against defendants, Jesse E. VanGilder and Tel Radio Transport Corp., for injuries sustained in a collision at Bradley on December 10, 1958, when the vehicle in which she was riding as a passenger, and which was being driven by her husband, collided with a truck being operated by VanGilder for his employer, Tel Radio Transport Corp., the owner. The jury returned a verdict in favor of defendants, upon which verdict judgment was entered, and subsequently, the trial court granted plaintiff a new trial on the ground that the verdict was contrary to the manifest weight of the evidence. It is from this order granting plaintiff a new trial that defendants appeal, asking this court to restore the judgment in their favor.

At about 10 a. m. on the day of the mishap, the vehicle in which plaintiff was riding was traveling in a northerly direction on Schuyler Avenue, and was approaching the intersection of Erie Street and Schuyler Avenue. At the same time Jesse VanGilder was driving a semitrailer truck also in a northerly direction along Schuyler Avenue. The overall length of this semitrailer was approximately thirty-five feet; VanGilder was haul-

ing mail. The pavement was icy and there were four-to-six-inch ruts in the normal traffic lanes. The Foster automobile was attempting to turn right onto Erie Street at the time it was struck from the rear by defendant's truck. The only persons testifying as eyewitnesses to the accident were plaintiff and her husband, and the defendant, Jesse VanGilder.

The Fosters testified that they were traveling about fifteen miles per hour in the last block of Schuyler Avenue while approaching Erie Street, that Mr. Foster turned the right directional signal on when about 100-to-125 feet from the intersection, and that he was gradually reducing his speed, having taken his foot off the accelerator, but that at no time did he apply the brakes to his automobile. They further testified that their car was hit by defendants' truck when about a car length south of said intersection, and that the force of the impact caused their car to skid through the intersection and come to rest on the northeast corner of said intersection. When their auto became stopped, the front part of it was on a terrace and the rear part was protruding onto Erie Street. According to the Fosters, defendants' truck came to rest in the northbound lane of Schuyler Avenue about even with the south curb of Erie Street. The Fosters also stated that they were traveling about five miles per hour at the time of impact. The impact to the Foster automobile was to the left rear and center, thereby causing damage to the back bumper, trunk lid, left rear lights, and frame. Grace Foster sustained personal injuries as a result of this collision, which injuries have been diagnosed by her doctor as a muscle strain to her cervical vertebrae. For these injuries Mrs. Foster continues to take aspirin, Anacin, and Bufferin, and for a time wore a cervical collar and underwent traction. She still continues to complain of pain in her back.

VanGilder testified that he regularly drove the mail truck for Tel Radio Transport Corp. He stated that he

first observed the Foster vehicle when it was probably three or four blocks from the Erie Street intersection, and that at that time the distance between the two vehicles was about 200 feet. He was then traveling from ten-to-fifteen miles per hour. As the two vehicles approached Erie Street, the distance between them decreased. When the Foster vehicle was about 100 feet from the intersection, VanGilder noticed that it had slowed down. He was then about 100 feet from the Foster vehicle. Upon seeing the Foster vehicle slow down, he applied the brakes to the truck, causing it to slide on the icy pavement. VanGilder tried to operate the truck so that it would get around the Foster vehicle, but was unsuccessful in attempting this, as the truck wheels were sliding in the ruts in the ice, which ruts were four-to-six inches deep. At the time of impact, VanGilder testified that the truck was traveling at approximately two miles per hour, and that after the impact, it traveled only a distance of two feet. VanGilder testified that he did not see any brake lights or right turn signals operating on the Foster car.

Two other witnesses testified, both being called by the plaintiff. Dr. Morris Lang, the plaintiff's treating physician, testified as to the nature and extent of her injuries, the treatment prescribed by him, and her present condition. Police Officer John W. Carney, who arrived on the scene shortly after the accident, testified as to the physical conditions at the scene and the position of the vehicles after the collision.

No errors or irregularities in the trial are claimed by any of the parties hereto, nor were assigned by the trial judge as his reason for granting a new trial. The record shows that the trial judge granted the motion for a new trial solely on the ground that the verdict was contrary to the manifest weight of the evidence.

The oft repeated rule is that a court of review will not disturb a trial court's ruling on a motion for a

new trial unless the record clearly shows that the trial court abused its discretion. The reason for this rule is that a trial judge is in a superior position to determine whether or not a fair trial was had and substantial justice accomplished. Duff v. Ewing, 60 Ill App2d 382, 208 NE2d 320. The trial judge, however, should not set aside a verdict and grant a new trial merely because he would have decided the case differently if he had been the trier of fact. Stobbs v. Cumby, 9 Ill App2d 138, 132 NE2d 448; Bobtex Industries v. Continental Baking Co., 4 Ill App2d 377, 124 NE2d 78; Read v. Friel, 327 Ill App 532, at 538, 64 NE2d 556; Finley v. New York Cent. R. Co., 19 Ill2d 428, at 436, 167 NE2d 212; or because he feels that inferences or conclusions other than those drawn by the jury might be more reasonable. Rouse v. New York Cent. & St. L. R. Co., 349 Ill App 139, at 146, 110 NE2d 266; Kahn v. James Burton Co., 5 Ill2d 614, at 623, 126 NE2d 836.

In Read v. Friel, supra, the court stated as follows:

"Obviously the trial judge, under the law, is not warranted in granting a new trial merely because he thinks the verdict should have been for the other party. He must take into consideration the fact that the jury saw and heard the witnesses, and found contrary to his impression. . . ."

In Finley v. New York Cent. R. Co., supra, at 436, it was stated as follows:

"The fact that contrary inferences would be equally supported by the evidence is not sufficient to show unreasonableness of the verdict. It is the jury's function to weigh contradictory evidence, judge the credibility of the witnesses, and draw the ultimate conclusion as to the facts. Its conclusion, whether relating to negligence, causation, or any other factual matter, should not be set aside merely because

377

different conclusions could be drawn or because judges feel that other results are more reasonable. Dowler v. N. Y., C. & St. L. R. R. Co., 5 Ill2d 125."

■ In the instant case, we have examined the record closely to determine whether there is any support for the order granting a new trial. No error or irregularities in the course of the hearing are claimed, nor do we find any which would suggest a valid basis for the order. Plaintiff has asserted that the verdict of the jury was contrary to the manifest weight of the evidence, and in support thereof relies heavily upon cases supporting her thesis that the driver of a motor vehicle which collides with the rear of vehicle in front of him on the highway may be negligent as a matter of law. That very statement of plaintiff's thesis, however, admits also of the converse, that is, that other facts in the record are always determinative of whether liability in the case of a rear-end collision is a question of law or fact. Liability cannot be inferred as a matter of law merely because defendants' truck collided with the rear of the automobile in which plaintiff was a passenger. Ferdinand v. Lindgren, 32 Ill App2d 133, 177 NE2d 10.

■ ■ There was conflict in the evidence on the issue of the speed of the two vehicles. The street was ice-covered and deeply-rutted. The evidence on the matter of whether the vehicle in which plaintiff was riding gave any signal of the driver's intention to turn at the intersection was also conflicting. In our judgment, the issue of liability in this case was for the jury to determine, and we do not think it can be said, as plaintiff contends, that the verdict rendered was manifestly or palpably erroneous. We conclude that the order complained of here was the result of an erroneous substitution by the trial court of its reasonable inferences for those contrary inferences drawn by the jury, which also find reasonable support in the evidence. This, of course, was improper.

Accordingly, the order of the Circuit Court is reversed, and the cause is remanded with directions to vacate the order granting a new trial, and to enter an order reinstating the judgment for defendants on the verdict.

Reversed and remanded with directions.

ALLOY, P. J. and STOUDER, J., concur.