**Marjorie Conley, Plaintiff-Appellant, v. H. G. Kuerner, Defendant-Appellee.**

Gen. No. 50,733.

First District, Second Division.

April 18, 1967.

Meyer Z. Grant, Nat P. Ozmon and Jerome H. Torshen, of Chicago (Jerome H. Torshen, of counsel), for appellant.

Lord, Bissell & Brook, of Chicago (Forrest L. Tozer and Richard E. Mueller, of counsel), for appellee.

MR. JUSTICE BURKE delivered the opinion of the court.

This was an action for damages for personal injuries allegedly sustained by plaintiff when the automobile in which she was a passenger was struck from the rear by defendant's automobile. Judgment was entered on the jury's verdict for defendant. Plaintiff appeals on the theory that the court erred in denying her motion for a directed verdict on the issue of liability on the basis that defendant was guilty of negligence as a matter of law or, in the alternative, that the court erred in failing to grant plaintiff a new trial because the verdict was against the manifest weight of the evidence.

At approximately 7:30 a. m. on January 31, 1958, a Friday morning, plaintiff was being driven to work by her husband in the family automobile. The Conley automobile was traveling in an easterly direction on Grand Avenue, a four-lane, southeast-northwest thoroughfare, approaching Cicero Avenue in Cook County. Traffic near the Grand and Cicero Avenues intersection at this time of the morning was very heavy and was moving at a rate of approximately 15 miles per hour. The evidence conflicted as to weather and pavement conditions.

There was evidence that the pavement surface was clear and also that it was covered with slush due to salt, snow and ice. The weather was described as both "clear" and "snowy, requiring the use of windshield wipers." A weather report received into evidence showed a "trace of precipitation, snow or sleet" on this day.

Plaintiff testified that the Conley automobile crossed the intersection at Cicero Avenue with a green light, whereupon the automobile in front of the Conley automobile came to a gradual stop. The Conley automobile also came to a gradual stop immediately behind the automobile in front, stood for a few seconds at a complete standstill, and was then struck from the rear by the Kuerner automobile. Plaintiff testified she heard no horn nor screech of brakes prior to the impact. The Conley automobile was pushed into the automobile in front and plaintiff testified that she was thrown backward and then forward into the dashboard and windshield, sustaining injuries.

Mr. Conley testified that prior to the time of the incident his automobile was in good functioning condition. He stated that after his automobile crossed Cicero Avenue the automobile in front of his automobile stopped and that he then brought his automobile to a gradual stop. The Conley automobile was in a standing position from 5 to 8 seconds before it was struck in the rear by the Kuerner automobile.

Defendant testified that he was driving a new automobile at the time of the occurrence which was in good functioning condition. He testified that he was following the Conley automobile, traveling east on Grand Avenue and approaching the intersection with Cicero Avenue, and that his speed was approximately 15 miles per hour. Defendant stated that there was a steady stream of traffic in front of his automobile. Defendant was traveling in the lane closest to the center line of Grand Ave-

nue and, as he approached Cicero Avenue, a Chicago Transit Authority bus pulled away from the southwest curb of Grand and Cicero Avenues traveling in the same direction as defendant and moved a few feet into defendant's lane of traffic. At the time the bus pulled out defendant's car was approximately abreast of the rear wheels of the bus. Defendant testified that the other automobile traffic in front of him was in front of the bus and that there was approximately three-quarters of a length of a car between himself and the next automobile in front. Defendant stated he removed his foot from the accelerator and applied his brakes slightly, as the bus eased back into its own lane of traffic along the curb. At this time defendant was approximately at the center of the bus.

As the bus moved into its own lane of traffic defendant returned his eyes to the traffic in front of him and saw the Conley automobile standing in his lane of traffic. Defendant immediately applied his brakes but his automobile skidded on a patch of ice in the center of the intersection and struck the rear of the Conley automobile. Defendant testified the patch of ice was approximately 8 feet wide and elongated, and that it was the only ice he had seen in the mile and a half he had driven on Grand Avenue that morning. He further testified that he did not see the ice before applying his brakes.

Defendant and Mr. Conley alighted from their automobiles and exchanged information. Mr. Conley told defendant an automobile had cut in front of him from the curb lane of traffic, causing him to stop, and that no one was injured in the Conley automobile. Defendant further testified that the only damage to his automobile was a slight raise in his front bumper and that the only damage to the Conley automobile was a slightly raised bumper and a small dent in the trunk. The police

were not summoned for the reason that the amount of damage to the automobiles did not warrant it.

 Where a party moves for a directed verdict the trial court must consider all of the evidence in the case, and if there is any evidence, standing alone, together with all reasonable inferences therefrom, which tends to prove the contentions of the opposing party, the motion must be denied. If there exists any conflict in the evidence on material issues which necessitates the weighing of the evidence or a determination of the credibility of witnesses by the trier of fact, from which conflict it appears that reasonable minds might reach different conclusions, the motion must be denied. Palmer v. Poynter, 24 Ill App2d 68, 71, 163 NE2d 851.

██ A new trial on the grounds that the verdict is contrary to the manifest weight of the evidence will not be granted by a court of review where such determination entails a mere substitution of judgment for that of the trier of fact; an opposite conclusion must be clearly evident from all the evidence before a new trial will be granted on such grounds. Arboit v. Gateway Transp. Co., 15 Ill App2d 500, 507, 146 NE2d 582; Palmer v. Poynter, 24 Ill App2d 68, 72, 163 NE2d 851.

██ On the evidence in the case at bar the trial court properly denied plaintiff's motions for a directed verdict and for a new trial. On the day of the occurrence both vehicles were proceeding in a southeasterly direction on Grand Avenue near the intersection with Cicero Avenue, during the morning rush hours. It is undenied that both vehicles were traveling approximately 15 miles per hour as they approached the intersection and that they were about one automobile length apart. Defendant testified, and the jury had a right to believe, that he was told by Mr. Conley immediately after the incident that the Conley automobile was cut off by a car in the curb lane cutting in front of him. A Chi-

cago Transit Authority bus, which had been stopped in the right eastbound lane to board or discharge passengers, suddenly pulled out into defendant's lane of traffic. As the bus returned to the right-hand lane defendant observed that the Conley automobile was stopped and he immediately applied the brakes, but his automobile skidded on an isolated patch of ice and struck the rear of the Conley automobile. Upon this evidence the jury could have found defendant to have been acting reasonably under the circumstances and that defendant was not following the Conley automobile too closely nor driving too fast for conditions. While other conclusions may be drawn from the evidence, we cannot say that the collision of defendant's automobile with the Conley automobile was inexcusable nor that he was negligent as a matter of law.

Plaintiff has cited several cases, commonly known as "rear-end collision" cases, in support of his position that defendant was negligent as a matter of law in colliding with the rear of a standing automobile: Ceeder v. Kowach, 17 Ill App2d 202, 149 NE2d 766; Houchins v. Cocci, 43 Ill App2d 433, 193 NE2d 597; Kocour v. Mills, 23 Ill App2d 305, 162 NE2d 497. In Ceeder v. Kowach, defendant's automobile skidded on wet pavement into plaintiff's automobile which was legally stopped for a red light. The Appellate Court reversed the judgment for the defendant on the ground that it was foreseeable that plaintiff's automobile might have to stop for the red light and that defendant should have correspondingly anticipated such an event. In Houchins v. Cocci, the evidence showed that plaintiff's automobile was standing waiting to make a legal left turn when struck by defendant's automobile. The trial court's judgment for defendant was reversed on the ground that the defendant had the duty to keep her automobile under such control that she could have brought it to a stop

without running into other traffic lawfully stopped waiting to make a left turn. In Kocour v. Mills, as in the Ceeder case, plaintiff's automobile was stopped waiting for a red light when it was struck from the rear by defendant's automobile. Again, the defendant's failure to anticipate plaintiff's stop at the traffic light was the basis for the Appellate Court's reversal of the judgment for defendant. In all three cases cited by plaintiff the conditions under which the mishaps occurred differed substantially from the conditions in the case at bar. In the cases cited, the plaintiffs were lawfully stopped at a place where other vehicle operators had a duty to anticipate that a stop might be made. Likewise, in the recent case of Sughero v. Jewel Tea Co., 37 Ill2d 240, 226 NE2d 28, the evidence clearly showed that the driver of defendant's vehicle was negligent in failing to keep his vehicle under control in the light of the fact that three other vehicles confronted with the same situation were safely brought to a stop in their proper lanes of traffic. In the case at bar the evidence before the jury was that the Conley automobile came to a sudden stop at a point where a stop could not have been reasonably anticipated and that the defendant was confronted with the hazard created by the Chicago Transit Authority bus when it moved into his lane of traffic. The other "rear-end collision" cases also cited by plaintiff are distinguishable from the instant case on similar grounds.

In Foster v. VanGilder, 65 Ill App2d 373, 213 NE2d 35, the court said, 378: "Liability cannot be inferred as a matter of law merely because defendants' [vehicle] collided with the rear of the [vehicle] in which plaintiff was a passenger."

We think that the trial judge was right in refusing to direct a verdict for plaintiff on the issue of liability

and in holding that the judgment is not against the manifest weight of the evidence.

Therefore the judgment is affirmed.

Judgment affirmed.

LYONS, P. J. and BRYANT, J., concur.