GRACE WISSMANN, Plaintiff-Appellant, v. BRUNO J. JEDRZEJAK, Defendant-Appellee.

Second District   No. 78-178

Opinion filed April 23, 1979.

Harry S. Posner, of Chicago, for appellant.

Robert F. Casey and George E. Krippner, both of Geneva, and Gerald M. Sheridan, Jr., of Wheaton, for appellee.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

The plaintiff, Grace Wissmann, sued to recover for injuries incurred when her car was struck in the rear by one driven by the defendant, Bruno Jedrzejak. The trial court denied plaintiff's motion made at the close of the evidence to direct a verdict in her favor on the issue of liability. The jurors answered a special interrogatory finding that plaintiff was guilty of contributory negligence, but awarded damages of $2,650 to the plaintiff by their general verdict. The trial court entered judgment for defendant in accordance with the special verdict and plaintiff appeals.

The collision took place on February 7, 1976, at the intersection of 63rd Street and Dunham Road in Downers Grove at approximately 7 p.m. The plaintiff had been traveling east on 63rd Street when she stopped for a red traffic light at the intersection. She testified that she was struck from the rear by defendant's auto as she sat waiting for the light to change. She further testified that she intended to turn left on Dunham Road and that she had activated her turn signal approximately 150 feet west of the intersection.

The defendant testified, on the other hand, that he first observed plaintiff's car stopped at the intersection when he was 200 feet behind her. He took his foot off the accelerator at that time and began coasting to see whether or not the light would change. When he was approximately 100 feet behind plaintiff the light changed to green, and plaintiff's auto moved slowly forward into the intersection. He said he then moved his foot back to the accelerator and increased his speed from 20 to 30 miles per hour; and that when plaintiff reached the middle of the intersection and he was only 20 feet behind her plaintiff stopped her car without any signal. Defendant testified that he immediately applied his brakes but could not avoid the collision. He further testified that plaintiff's turn signal was not on at any time and that he would have gone around her car had she signaled her intention to stop and turn because the entire right lane was open. Plaintiff and defendant were the only witnesses to testify concerning the accident.

Plaintiff's argument that the trial court erred in failing to direct a verdict in her favor on the question of liability is not persuasive on this record. Neither negligence nor freedom from contributory negligence can be inferred as a matter of law merely because one vehicle collides with the rear of another. (*Foster v. VanGilder*, 65 Ill. App. 2d 373, 378

(1965); *Conley v. Kuerner*, 82 Ill. App. 2d 329, 335 (1967).) In deciding whether a defendant is negligent as a matter of law in colliding with the rear of a standing automobile, the presence or absence of a turn signal on the lead vehicle is a fact which may be taken into consideration. (*Theesfeld v. Eilers*, 122 Ill. App. 2d 97, 102 (1970).) In this case, the evidence is conflicting as to whether plaintiff's turn signal was operating. When viewed in a light most favorable to defendant, the evidence shows that plaintiff made a sudden stop in a place she arguably could not have been expected to stop absent a warning of her intention to turn. Whether plaintiff's conduct was negligent and whether it proximately contributed to the collision were proper questions of fact for the jury. We cannot say from the evidence with the inferences which might be reasonably drawn from the evidence that it so overwhelmingly favors the plaintiff that no contrary verdict could ever stand. (*Pedrick v. Peoria & Eastern R.R. Co.*, 37 Ill. 2d 494, 510 (1967).) Accordingly, plaintiff's motion for a directed verdict was properly denied.

We note a distinction between *Zaeh v. Huenke*, 70 Ill. App. 3d 39 (2d Dist. 1979), a case very recently decided by this court and also involving a rear-end collision where we held that a failure to direct a verdict for the plaintiff or enter judgment *n.o.v.* was reversible error. However, in *Zaeh* the plaintiff was hit from the rear after she stopped at an uncontrolled intersection to make a left turn. The defendant did not testify as to whether or not the plaintiff's turn indicator was on. His wife who was a passenger testified that she did not see a signal. Plaintiff unequivocally testified that she did have her signal on. Further, in *Zaeh* there was evidence that a signal could not have prevented the collision because the defendant admitted that he was not looking at the car in front when he pulled away from the intersection just before he hit plaintiff's car. *Zaeh* is representative of other cases in which liability has been found as a matter of law where the plaintiff was unquestionably free from contributory negligence. See *Houchins v. Cocci*, 43 Ill. App. 2d 433, 437 (1963); *Ceeder v. Kowach*, 17 Ill. App. 2d 202, 203 (1958).

Plaintiff next argues that the trial court erred in submitting the special interrogatory when there was insufficient evidence of contributory negligence. It is clear, however, that this contention is based on the assumption that the plaintiff was free from contributory negligence as a matter of law. As we have indicated the testimony in this case raised a factual question as to plaintiff's conduct and its causal relation to the accident. Since the answer to the interrogatory was inconsistent with the general verdict and since we cannot say that the answer was against the manifest weight of the evidence, the trial court properly vacated the general verdict and entered judgment for the defendant.

In conclusion we find it unnecessary to consider the remaining issues raised by the plaintiff which relate to the adequacy of the damages. The judgment is affirmed.

Affirmed.

RECHENMACHER and NASH, JJ., concur.