ALDEN R. BURGDORFF, Plaintiff-Appellant, *v.* INTERNATIONAL BUSINESS MACHINES CORPORATION *et al.*, Defendants-Appellees.

First District (3rd Division)   No. 77-1249

Opinion filed ·June 20, 1979.

Edward L. Osowski, of Chicago, for appellant.

Edward H. Nielsen, of Pretzel, Stouffer, Nolan & Rooney, of Chicago (Robert Marc Chemers and Joseph B. Lederleitner, of counsel), for appellees.

Mr. PRESIDING JUSTICE SIMON delivered the opinion of the court:

Plaintiff Burgdorff was the driver of an automobile which was struck in the rear by an automobile driven by defendant Albrecht, an employee of co-defendant IBM. Burgdorff sued for injuries he claims he suffered, contending Albrecht was driving too fast and following Burgdorff's car too closely. He alleges IBM is liable as Albrecht's employer.

The accident occurred on the Stevenson expressway on a clear, dry afternoon in July 1972. Burgdorff and Albrecht were driving their cars in the outside lane with Albrecht following Burgdorff. A third car entered the expressway at high speed from one of the ramps, crossed over three lanes, and cut in front of Burgdorff. To avoid hitting this car, Burgdorff applied his brakes quickly. Albrecht saw the third car shooting in front of Burgdorff, but he was unable to stop before striking the rear of Burgdorff's car. The third car did not make contact with either Burgdorff's or Albrecht's vehicle, and drove away.

The jury decided in favor of Albrecht and IBM. Burgdorff's post-trial motion sought either vacation of the judgment and a new trial, or a judgment notwithstanding the jury verdict and a new trial on damages alone. Burgdorff appeals from the denial of his motion.

Burgdorff asserts that the defendants' negligence is *res judicata*, having been decided in *Burgdorff v. International Business Machine* (1975), 35 Ill. App. 3d 192, 341 N.E.2d 122. The prior appeal raised only the question of the sufficiency of third-party complaint for indemnity filed by Albrecht and IBM against the alleged driver of the vehicle which shot in front of Burgdorff, and not whether there was proof of Albrecht's negligence or even the sufficiency of defendants' answers. Clearly, the prior appeal did not put to rest any issue of fact with respect to how the accident occurred which was binding upon the parties to this appeal. Burgdorff apparently shared this view of the prior litigation until he reached this court because he did not raise any issue of *res judicata* or estoppel while he was in the trial court.

■▌■ This leads to the second reason which precludes Burgdorff from relying on the doctrine of *res judicata*. This doctrine is designed to bar relitigation in a later proceeding. The proper time to assert the bar, where it exists, is in the trial court; it hardly makes sense to assert a bar against relitigation for the first time after the matter in issue has already been relitigated. By waiting until he reached this court to urge for the first time that prior holdings in this litigation barred the defendants from contesting their negligence, Burgdorff was too late to raise that issue even if, contrary to our conclusion, it was a viable issue in this case.

■▌ An argument cannot be considered on appeal where it was never raised by the appellant in the trial court. (*Woman's Athletic Club v. Hulman* (1964), 31 Ill. 2d 449, 454, 202 N.E.2d 528.) And, an argument not raised in a post-trial motion is waived and cannot be considered on appeal. (*Domena v. Prince* (1977), 52 Ill. App. 3d 462, 367 N.E.2d 717.) Burgdorff, thus, waived his *res judicata* argument by failing to present it at trial or in his post-trial motion.

■▌ Burgdorff also maintains that in rear-end collision cases, there is a generally accepted theory holding the driver of the rear car liable. Numerous decisions contradict this theory, holding instead that the questions of negligence and liability are matters for the trier of fact to determine. As stated by the court in *Hayes v. Alsburg* (1977), 52 Ill. App. 3d 355, 357, 367 N.E.2d 568:

> "Proof of an accident does not equate with proof of negligence. * * * Even where plaintiff has been rear-ended, it is for the jury to decide if it was negligence or unavoidable accident. (*Bucyna v. Rizzo Bros. Movers, Inc.* (1961), 31 Ill. App. 2d 31, 175 N.E.2d 640.)"

■▌ The burden is on the plaintiff to prove negligence (*Russell v. Rowe*

(1967), 82 Ill. App. 2d 445, 448, 226 N.E.2d 652), not on the defendant to disprove it. (*Brown v. Boyles* (1960), 27 Ill. App. 2d 114, 124-25, 169 N.E.2d 273.) The occurrence of an accident, even where the plaintiff has exercised ordinary care, does not of itself raise any presumption of negligence on the defendant's part. (*Russell*, at 448.) A rear-end collision does not automatically create an inference as a matter of law that the driver of the rear car was negligent or that he was following too closely or driving too fast for conditions. It is the responsibility of the trier of fact to determine whether the rear driver, in such accidents, was acting reasonably under the circumstances, or that the accident was unavoidable. (*Conley v. Kuerner* (1967), 82 Ill. App. 2d 329, 334, 226 N.E.2d 451; *Tatum v. Rooker* (1966), 69 Ill. App. 2d 6, 11, 216 N.E.2d 165; *Foster v. VanGilder* (1966), 65 Ill. App. 2d 373, 378, 213 N.E.2d 421.) Whether a situation beyond Albrecht's control made the accident unavoidable in this case was for the jury to decide (*Bucyna v. Rizzo Bros. Movers, Inc.* (1961), 31 Ill. App. 2d 31, 175 N.E.2d 640), and a reviewing court should not set aside the jury's verdict unless it is against the manifest weight of the evidence (*Tatum*, at 12). *Ney v. Yellow Cab Co.* (1954), 2 Ill. 2d 74, 84, 117 N.E.2d 74.

■■ The action of the third vehicle cutting in front of Burgdorff required him to apply his brakes suddenly and quickly, reducing his speed. Albrecht testified that when Burgdorff suddenly applied his brakes, both vehicles were on top of a viaduct with no shoulder, only a guardrail, on the left, and other vehicles traveling in the lane immediately to the right. Under those circumstances, a jury decision that the rear-end collision was not caused by Albrecht's negligence was supported by the evidence and should not be disturbed.

Burgdorff also contends that he was denied a fair trial because of prejudicial statements by a witness and by defense counsel in closing argument.

■■■ The mention of an insurance company by a physician testifying for the defense does not necessitate reversal. The physician stated that the occasion for his seeing Burgdorff was that the latter was sent to him by an insurance company. Ordinarily the objection to testimony regarding insurance is by the defendant because his carrier does not want the jury to know that an insurance company will be paying the verdict it returns. In this case we cannot perceive how the plaintiff was prejudiced by the reference by the defendant's witness to an insurance company. In fact, based on traditional notions of why mention of insurance should be guarded against, the reference to insurance in this case was more likely to have aided rather than hurt Burgdorff. Burgdorff argues that the physician's testimony could have led the jury to believe that even his own insurance company did not believe Burgdorff. But, in view of the fact that the physician was called as the first witness for the defense, we believe it is

entirely speculative to contend that the jury would get the idea that the witness was acting for Burgdorff's insurance company. In any event, an isolated or inadvertent reference to insurance by someone other than plaintiff's counsel, with no apparent intent to prejudice the jury, does not warrant a new trial. *Kitsch v. Goode* (1977), 48 Ill. App. 3d 260, 362 N.E.2d 446.

■■ ■■ Burgdorff also complains of comments made by defense counsel in his closing argument to the jury. His first complaint concerns counsel's reference in closing argument to a physician's testimony regarding neurological tests on Burgdorff prior to the accident. The court had ordered this testimony stricken and instructed the jury to disregard it. Burgdorff's counsel did not object to this argument when it was made: his failure waived any objection which might have been advanced. (*Shanowat v. Checker Taxi Co.* (1964), 48 Ill. App. 2d 81, 93, 198 N.E.2d 573.) Defense counsel argued that there had to be some reason for the tests to be performed long before the accident, a reason Burgdorff had not told the jury about. We do not believe the way in which counsel referred to the prior tests was sufficiently prejudicial to warrant reversal; especially in view of the testifying physician's lengthy explanation that based on tests after the accident, he found nothing wrong with Burgdorff.

■■ Another comment to which Burgdorff objected in this court, but not when it was argued to the jury, was the testimony of a nurse who, after the accident, took Burgdorff's medical history. She stated he told her he was suffering from a hearing loss 7 or 8 years before the accident. Counsel's reference to this testimony in his closing argument in dealing with Burgdorff's claim that his hearing had been impaired by the accident was not improper, and it was clearly based on the evidence. In any event, objection to it was waived by Burgdorff's failure to offer a timely objection.

■■ In addition, Burgdorff objects to counsel's argument that Burgdorff did not have any difficulty hearing questions during the trial. Again Burgdorff's counsel did not object to this argument when it was made, and so waived the objection. Moreover, if defense counsel was misstating or exaggerating Burgdorff's capacity to hear what took place at the trial, the jurors who saw Burgdorff on the stand and during the trial were in a position to judge for themselves whether he appeared to have hearing problems in the courtroom. For that reason the statement was not prejudicial.

■■ Also, we find nothing prejudicial in defense counsel's comment, again not objected to, that 2 years after the accident Burgdorff took his profit sharing and went to Mexico and retired. Burgdorff's position was that injuries he received in the accident forced him to retire. The evidence justified the argument to the jury by the defense that Burgdorff retired because he chose not to go on working.

■■ Finally, Burgdorff contends that the jury was improperly instructed. One instruction Burgdorff criticizes concerned his obligation to mitigate damages. The contested instruction was not improper; it was based upon Illinois Pattern Instructions, Civil, No. 33.02 (2d ed. 1971 (hereinafter IPI), with occupation damage being substituted for property or business damage. And, it was relevant for two reasons: First, it was relevant in the light of Burgdorff's own requested instruction asking the jury to determine how long he would suffer from the injuries he claimed. Second, it was a proper instruction because of Albrecht's theory that Burgdorff retired because he didn't want to go on working in contrast with Burgdorff's explanation that he retired because his injuries prevented him from continuing with his employment.

■■ ■ Another contested instruction dealt with the issue of causation and liability. The instruction, modeled after IPI Civil No. 20.01 consisted of wording identical with an instruction suggested by Burgdorff, except for the elimination of one paragraph. Burgdorff contends that it was error to omit this paragraph which concerned the possibility that Albrecht had violated section 11—601 of the Illinois Vehicle Code (Ill. Rev. Stat. 1977, ch. 95½, par. 11—601) by driving at a speed faster than was reasonable and proper for the existing conditions. A review of the record indicates that none of the evidence at trial suggested that the defendant was driving at an excessive speed. Accordingly, omitting reference to such a charge in the jury instructions was not improper. And, because the given instruction did inform the jury to determine whether defendant was negligent by following too closely, any conceivable harm resulting from the omission of the speed factor was, at most, minimal. As stated by this court in *Christopherson v. Hyster Co.* (1978), 58 Ill. App. 3d 791, 805, 374 N.E.2d 858, "[n]o  error is committed in refusing even instructions correctly stating the law where the instructions given do adequately instruct the jury."

■■ ■ The last instruction to which Burgdorff takes exception concerned his burden of proving negligence. He argues that the court improperly submitted an instruction meant only for situations where there are two defendants as joint tortfeasors and not for instances where one defendant is the agent of another. Despite the technical correctness of Burgdorff's assertion, any error was so slight that reversal is unnecessary. What is important is that the jury received an instruction on the basis of which it could have found the defendants negligent. As stated in *Duffy v. Cortesi* (1954), 2 Ill. 2d 511, 515-16, 119 N.E.2d 241, a case cited by the plaintiff, "[t]he  trend of judicial opinion reveals a reluctance to reverse cases on the ground of technical errors in instructions; hence, courts have reiterated that the instructions will be considered as a whole, and where the jury has not been misled, and the complaining party's rights have not been prejudiced by minor irregularities, such errors will not be deemed

grounds for reversal." Applying that standard, we find no grounds for reversal in the instructions the jury received.

Accordingly, the jury's decision in favor of the defendants is affirmed.

Judgment affirmed.

McNAMARA and McGILLICUDDY, JJ., concur.