JEREMIAH DINNEEN, Plaintiff-Appellant, *v.* BEL-PAK FOODS, INCORPO-
RATED, *et al.*, Defendants-Appellees.

First District (4th Division)    No. 79-968

Opinion filed August 21, 1980.

John P. Coghlan, of Chicago (Frank R. Christian, of counsel), for appellant.

Robert L. Tucker, of Chicago (Tucker & Watson, of counsel), for appellees.

Mr. PRESIDING JUSTICE LINN delivered the opinion of the court:

Following a personal injury trial involving a rear-end automobile collision, a verdict was rendered for defendant, Bel-Pak Foods, Inc. Plaintiff, Jeremiah Dinneen, now appeals raising various issues questioning the evidentiary sufficiency of the jury's verdict as to liability and challenging the trial court's refusal to allow his jury instruction and argument on the question of the speed of defendant's vehicle immediately preceding the collision.

The factual situation concerning the question of liability is relatively uncomplicated. The accident occurred about 3:45 p.m. on August 11, 1972. It had rained earlier and the street was slightly damp. Plaintiff was

travelling eastbound on 63rd Street in Chicago when he stopped for a red light at Kedzie Avenue. The driver[1] of defendant's delivery truck stopped about 15 to 20 feet behind plaintiff's car and then drove the truck up an additional 10 feet toward plaintiff while the light was still red. When the light turned green, plaintiff drove his car into the intersection with the truck proceeding behind plaintiff about 5 feet at no more than 5 miles per hour. As plaintiff neared the middle of the intersection, an automobile travelling southbound on Kedzie went through the red light and turned eastbound on 63d Street in front of plaintiff. This caused both plaintiff and defendant's driver to apply the brakes on their vehicles. However, due to the weight at the rear of the truck, the momentum of defendant's vehicle caused it to move forward and hit plaintiff's car. Plaintiff's car trunk was dented and it opened because of the impact.

The trial court refused to allow plaintiff's instruction which defined the issue of liability, *inter alia*, as encompassing the operation of defendant's vehicle at a speed greater than was reasonable. The jury was instructed that plaintiff claimed defendant was negligent because its driver did not maintain a proper lookout, followed plaintiff's car too closely, and did not stop when the danger to plaintiff was imminent. Illinois Pattern Instructions, Civil, No. 20.01, modified (2d ed. 1971) (hereinafter IPI).

Plaintiff raises various points regarding defendant's liability based on the evidence presented in concluding that defendant was liable, as a matter of law, thereby entitling him to a direct verdict or the jury's verdict was against the manifest weight of the evidence. Plaintiff argues that the defendant's agent in control and possession of the truck entering the intersection at the time of the collision clearly violated his duty to keep a proper lookout, speed, and distance while entering the intersection; that it was foreseeable that plaintiff would have to stop his vehicle for traffic entering the intersection unlawfully; that defendant's agent would have to apply his brakes; that his truck would skid or move forward because of the weight of the truck and the suddenness of the stop; that if he were going too fast or did not maintain a proper distance, he would collide with plaintiff's vehicle; that such action constituted negligence; and the verdict of the jury in this case cannot be sustained on the ground that driving a short distance behind plaintiff's vehicle while entering an intersection at 5 miles per hour was not a breach of duty to plaintiff.

■■ In *Burgdorff v. International Business Machines Corp.* (1979), 74 Ill. App. 3d 158, 392 N.E.2d 183, plaintiff was proceeding on a roadway followed by defendant's employee when a third vehicle cut in front of plaintiff causing him to suddenly brake his car. Plaintiff was then struck from the rear by defendant's car. The jury found for defendants. In

---

[1] The driver of the truck was dismissed as a co-defendant prior to trial because plaintiff had not effected service of summons on him.

affirming this court noted that merely because a rear-end collision occurs does not necessarily establish the liability of the driver in the rear car. Rather the trier of fact is to make that determination. (Accord *Wissmann v. Jedrzejak* (1979), 71 Ill. App. 3d 688, 389 N.E.2d 8.) The conclusion of *Burgdorff* is applicable here based on the facts, and we cannot say that the evidence does not sustain the jury's determination.

However, plaintiff claims that the jury was not adequately instructed on plaintiff's theory because the trial court refused plaintiff's tendered instruction, predicating defendant's liability, in part, on the operation of the truck at a speed greater than was reasonable and his counsel therefore did not expressly argue the question of speed to the jury. Plaintiff says that the speed of defendant's vehicle immediatley before the collision was material even though the evidence showed that the truck was going no more than 5 miles per hour.

■■ There is no evidence that driving at no more than 5 miles per hour while accelerating from a stop light is excessive. Rather, such speed would not seem at variance with accepted driving procedures under the circumstances presented. Further, the jury was instructed that plaintiff claimed that defendant's driver was following too closely, and this issue was extensively argued to the jury. Again, the present case is comparable to the situation in *Burgdorff* which is controlling. There, this court held that refusal to give an instruction on speed was not erroneous, where, as here, the evidence did not suggest excessive speed on the part of defendant's driver and the jury was instructed on the question of following too closely, thus minimizing any harm in the omission of the speed instruction. Also, the jury in this case received IPI Civil Nos. 10.01 and 10.02 defining negligence and ordinary care. These instructions further sufficed to adequately apprise the jury of the conduct of defendant's driver in the present case. *Mooney v. Etheridge* (1978), 65 Ill. App. 3d 847, 382 N.E.2d 826.

For the reasons stated, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

JOHNSON and ROMITI, JJ., concur.