1130

MURIEL DAVID, Plaintiff-Appellant, v. RONALD BLACK,
Defendant-Appellee.

First District (1st Division)    No. 80-1819

Opinion filed July 20, 1981.—Rehearing denied September 8, 1981.

John W. Lally, of Chicago, for appellant.

Victor J. Peikarski, of Querrey, Harrow, Gulanick & Kennedy, Ltd., of
Chicago, for appellee.

Mr. JUSTICE McGLOON delivered the opinion of the court:

Willow Road is a four-lane thoroughfare with two lanes heading east
and two lanes west. Separating the traffic travelling in opposite direc-
tions, there is a concrete mountable median. On May 22, 1977, at 1 a.m.
Muriel David (plaintiff) was driving westbound on Willow in the left
hand lane. Plaintiff stopped in her lane to wait for oncoming traffic to
pass so that she could negotiate a left hand turn into her driveway. The
left front tire of her automobile was on the median.

Ronald Black (defendant) also was driving west on Willow Road in
the left lane. He was travelling at a speed of approximately 50 miles per
hour. For a distance of six miles, there was an automobile travelling in the
same lane three car lengths in front of defendant's vehicle. There was
another vehicle in the right lane slightly behind defendant's automobile.

Suddenly, the auto in front of defendant's swerved into the right lane.
Defendant testified that he then saw plaintiff's auto directly ahead, but
that it took him a moment to realize the auto was not moving. Unable to
stop, defendant struck the rear-end of plaintiff's automobile. The jury

returned a verdict for defendant and against plaintiff. Plaintiff now appeals.

The sole question raised in this appeal is whether the trial court erred in failing to direct a verdict in plaintiff's favor on the question of liability. Plaintiff asserts that since defendant's moving vehicle rear-ended her stopped vehicle, defendant is liable as a matter of law and the trial court, therefore, should have directed a verdict and addressed only the question of damages.

■■ Plaintiff's assertion is an accurate statement of the general rule regarding rear-end collisions. This rule, however, is not absolute. In numerous cases we have held that the fact that a rear-end collision occurs does not automatically establish the liability of the driver of the rear car. See *Dinneen v. Bel-Pak Foods, Inc.* (1980), 87 Ill. App. 3d 878, 410 N.E.2d 235; *Burgdorff v. International Business Machines Corp.* (1979), 74 Ill. App. 3d 158, 392 N.E.2d 183; *Wissmann v. Jedrzejak* (1979), 71 Ill. App. 3d 688, 389 N.E.2d 8; *Conley v. Kuerner* (1967), 82 Ill. App. 2d 329, 226 N.E.2d 451; *Foster v. VanGilder* (1965), 65 Ill. App. 2d 373, 213 N.E.2d 421.

■■ In deciding whether to direct a verdict, it is incumbent upon the trial court to consider the facts according to the standard enunciated by our supreme court. (See *Pedrick v. Peoria & Eastern R. R. Co.* (1967), 37 Ill. 2d 494, 229 N.E.2d 504.) In the case at bar, when all the evidence is viewed in its aspect most favorable to defendant, it cannot be said that it so overwhelmingly favored plaintiff that no contrary verdict based on that evidence could ever stand. (See 37 Ill. 2d 494, 502-03.) In our opinion, the direction of a verdict in this case would have been highly inappropriate. There were numerous factual questions for the jury, such as: whether defendant was following the vehicle in front of him too closely; whether he was driving too fast for conditions; and whether he should have realized that driving with one vehicle in front of his and one slightly behind and to the right would restrict his options in the event of an emergency.

A reviewing court should not set aside a jury's verdict unless it is against the manifest weight of the evidence. (*Burgdorff v. International Business Machines Corp.* (1979), 74 Ill. App. 3d 158, 163, 392 N.E.2d 183, 186; *Tatum v. Rooker* (1966), 69 Ill. App. 2d 6, 11-12, 216 N.E.2d 165, 168.) In our judgment, the jury's decision that the rear-end collision was not caused by defendant's negligence was adequately supported by the evidence.

Judgment affirmed.

CAMPBELL, P. J., and GOLDBERG, J., concur.