IRENE M. STONE, Plaintiff-Appellant, v. JUDY M. LYONS *et al.*, Defendants-Appellees.

First District (5th Division)   No. 87—3773

Opinion filed December 30, 1988.—Rehearing denied January 25, 1989.

Raymond P. Concannon, Ltd., of Chicago (Raymond P. Concannon and Michael P. Concannon, of counsel), for appellant.

Orner & Wasserman, Ltd., of Chicago (Esther Joy Schwartz and Helen Wong Mehok, of counsel), for appellees.

JUSTICE MURRAY delivered the opinion of the court:

Plaintiff, Irene M. Stone, appeals from a jury verdict finding no liability on the part of either defendant, Judy M. Lyons and Joseph A. Laspisa. The negligence action arose out of a rear-end, three-car collision. Plaintiff's complaint alleged that she was stopped behind other cars at a red light on Roosevelt Road in Lombard when her car was struck in the rear by a car driven by Laspisa who, in turn, had been struck from behind by Lyons' car. The complaint charged defendants with driving too fast for conditions, failing to reduce speed to avoid a collision, following too closely, and driving with poor lookout, which acts were statutory violations that proximately resulted in plaintiff's alleged injuries and damages. Plaintiff alleged back and neck injuries with medical expenses of approximately $1,000, in addition to $1,000 in damages to her automobile. Lyons answered and denied negligence. Laspisa similarly answered and filed a counterclaim for contribution against Lyons, who answered denying fault.

The case was tried before a jury. Lyons did not testify because the trial court barred her testimony for failing to appear for the first day of trial in a "must go" case. The trial court directed a verdict for plaintiff, finding her free of contributory negligence, but reserved ruling on plaintiff's motion for a directed verdict against either or both defendants as to the liability issue and on defendant Laspisa's motion for a directed verdict for liability against Lyons on his counterclaim. The jury found that neither defendant was liable, and the trial court denied plaintiff's post-trial motion seeking vacation of the judgment, entry of judgment notwithstanding the verdict in plaintiff's favor, and a new trial either on the issue of damages or, in the alternative, a new trial on all issues. After the trial court denied the post-trial motion in its entirety, plaintiff appealed from both the verdict and denial of the motion.

On appeal, plaintiff contends that the trial court erred in failing to direct a verdict for her and against Lyons on the liability issue, the court abused its discretion by not entering a default judgment against Lyons for her failure to appear, the jury verdict was against the manifest weight of the evidence, and the jury received erroneous instructions which resulted in a verdict adverse to plaintiff.

■ Plaintiff's argument regarding the trial court's failure to direct a verdict against Lyons must fail. The standard for directed verdicts is well established: directed verdicts and judgments notwithstanding the verdict should only be entered when the evidence, viewed in a light most favorable to the movant's opponent, so overwhelmingly favors the movant that no contrary verdict based on the

evidence could ever stand. (*Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 229 N.E.2d 504.) The facts of the present case do not present a situation wherein Lyons and/or Laspisa could not have been found free of negligence.

It is undisputed that plaintiff was standing still when the accident occurred. The driver of the second car, Laspisa, testified at trial that he was moving with the "stop and go" traffic at approximately 30 miles an hour, but had brought his car to a complete stop before he was hit from behind by Lyons, which impact pushed his car into plaintiff's car. However, while he was being questioned as an adverse witness by Lyons' counsel, a portion of Laspisa's prior deposition was read into the record in which he had stated that he was going no more than 35 miles per hour and had stopped a car's length behind plaintiff. Plaintiff testified that she did not observe anything occurring behind her since she was bending over to adjust her radio. She also testified that she was stopped for approximately three seconds before she was hit, while Laspisa (and his wife) testified that he had been stopped for three minutes behind plaintiff's car when he was struck by Lyons' car.

■ Plaintiff appears to be urging this court to accept the proposition that where a party is free of contributory negligence and her vehicle is rear-ended by another vehicle, liability attaches *ipso facto*. However, that is not the rule. A rear-end collision does not automatically raise an inference that the rear car driver was negligent or was following too closely or was driving too fast for conditions; it is for the trier of fact to determine the existence or nonexistence of such factors. (*Burgdorff v. International Business Machines Corp.* (1979), 74 Ill. App. 3d 158, 392 N.E.2d 183.) And, the burden is on plaintiff to prove negligence, not on a defendant to disprove it. *Burgdorff*, 74 Ill. App. 3d at 162-63, 392 N.E.2d at 186.

■ Lyons was not permitted to testify and no other witness testified as to the manner in which she was driving her vehicle when it struck Laspisa's car. Several inferences could be drawn from the above evidence: either Laspisa came to a slow, gradual and complete stop or he made an abrupt stop. This is not evidence that, when viewed in the light most favorable to Lyons, so overwhelmingly favors plaintiff that no contrary verdict could ever stand. (See *Thomas v. Northington* (1985), 134 Ill. App. 3d 141, 479 N.E.2d 976.) In fact, the record indicates that the cause of the accident is unclear. Accordingly, the trial court properly denied plaintiff's (and Laspisa's) motion for a directed verdict on the liability issue. For the same reasons, the court properly denied plaintiff's post-trial motion for a judgment notwith-

standing the verdict against Lyons and/or Laspisa. See *Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 229 N.E.2d 504.

Plaintiff next argues that she was entitled to a default judgment against Lyons because of her (Lyons) failure to appear for the first day of trial, after having received a notice to produce and a request to appear for examination, in contravention of Supreme Court Rule 237. (107 Ill. 2d R. 237(b).) We must disagree and affirm the court's imposition of the sanction precluding Lyons from testifying, even though she appeared on the second day of a three-day trial. Supreme Court Rule 219 authorizes a number of sanctions other than entry of default judgment under such circumstances. (107 Ill. 2d R. 219(c).) Imposition of sanctions is within the trial court's discretion and should not be reversed absent any abuse of discretion. (*Miller v. Board of Education, District 189* (1983), 119 Ill. App. 3d 88, 456 N.E.2d 143.) We find no such abuse of the trial court's decision in this case. In any event, the motion for default judgment against Lyons was made by Laspisa as to his counterclaim. Contrary to plaintiff's assertions, there is no indication in the record that plaintiff ever moved for a default judgment (thus raising a waiver issue) although she did join in Laspisa's motion to bar Lyons from testifying after the court denied his motion for default. After requesting that Lyons' testimony be barred, plaintiff is now estopped from claiming that the trial court abused its discretion in ruling on Laspisa's motion to default Lyons. *Department of Transportation v. Grawe* (1983), 113 Ill. App. 3d 336, 447 N.E.2d 467 (judicial estoppel applies when a party assumes a particular position in litigation and then attempts to assert a different position in a subsequent proceeding).

Plaintiff also contends that she is entitled to a new trial because the jury verdict was against the manifest weight of the evidence. We agree with her on this issue. The standard used in determining whether a new trial should be granted differs from the standard used in directing verdicts or granting judgments notwithstanding the verdict, the latter demanding a higher burden of proof, *i.e.,* "no contrary verdict could ever stand," discussed above. However, contrary to its function when considering a motion for directed verdict, a court, in considering whether to grant a new trial, is to weigh the evidence. If the verdict is contrary to the manifest weight of that evidence, a new trial should be granted. *Mizowek v. De Franco* (1976), 64 Ill. 2d 303, 356 N.E.2d 32.

In the present case, it is undisputed that the accident occurred in "stop and go" traffic conditions behind a line of cars stopped for a red traffic light. It is uncontradicted that Lyons' vehicle

struck Laspisa's car, pushing it into plaintiff's car and that plaintiff was without fault. Since at least six or seven drivers, including plaintiff, were able to stop for the light without mishap, it appears more probable than not that at least one of the defendants, Lyons and/or Laspisa, was driving negligently. Furthermore, the jury was given an instruction stating that "the plaintiff is entitled as a matter of law in this case to recover a verdict from one or both of the defendants. You need only decide whether plaintiff is to receive a verdict from either defendant or from both." This evidence is sufficient to sustain a motion for a new trial although it does not fulfill the more stringent burden required for a directed verdict. (See *Mizowek v. De Franco* (1976), 64 Ill. 2d 303, 356 N.E.2d 32.) Under these circumstances, absent evidence that both Lyons and Laspisa were proceeding in a safe manner, plaintiff is entitled to a new trial against both defendants on all issues. Accordingly, the trial court's denial of plaintiff's post-trial motion for a new trial is reversed. As a result of our conclusion, there is no need to consider the issue of allegedly erroneous jury instructions.

For the foregoing reasons, the trial court is affirmed in part, reversed in part and the cause is remanded for a new trial.

Affirmed in part; reversed in part and remanded.

LORENZ, P.J., and PINCHAM, J., concur.