146

PATRICIA BAUER, Plaintiff-Appellant, *v.* GLENN A. JOHNSON, Defendant-Appellee.

First District (2nd Division)   No. 77-837

Opinion filed December 5, 1978.

Ronald J. Lucaccioni, of Chicago (Lucaccioni & Glickstein, of counsel), for appellant.

Tim J. Harrington, of Chicago (C. W. Gregory, of counsel), for appellee.

Mr. JUSTICE DOWNING delivered the opinion of the court:

Plaintiff, the owner-passenger of a car driven by her son when it was struck by the defendant's car, appeals a jury verdict for the defendant. The issues on appeal are: (1) whether the trial court erred in denying the plaintiff's motion for a directed verdict on the issue of her contributory negligence, and (2) whether the jury's special finding that the plaintiff was contributorily negligent and its verdict for the defendant are against the manifest weight of the evidence.

On March 24, 1971, Robert Bauer, the plaintiff's son, was driving the plaintiff's car in a southerly direction in a parking aisle in the Randhurst Shopping Center, Mount Prospect, Illinois. The plaintiff was sitting in the front passenger seat looking in a southeasterly direction and paying no attention to the manner in which her son was driving. Robert had just mailed a letter at a postal station located on an island approximately 200 feet from the "T" intersection in which the accident occurred.

Robert testified that when he was 100 feet from the postal station and traveling 20 miles per hour, he saw the defendant's car 500 to 550 feet away traveling in a westerly direction. Although Robert could not estimate the speed of the defendant's car, he stated that the defendant's car was far enough away that if it had been traveling within the speed limit (25 miles per hour), the defendant's car would not have presented a danger to his car. After seeing the defendant, Robert resumed looking straight ahead and slowed to make a left turn.

The plaintiff testified that she saw the defendant's car when her car was 50 feet from the point of impact and traveling 10 to 12 miles per hour. At this time, the plaintiff stated that the defendant's car was traveling 60 to 65 miles per hour. The plaintiff then yelled to her son to stop. Robert testified that upon looking to his left, he again saw the defendant's car two parking aisles away traveling 30 miles per hour. He further testified that he then applied his brakes and swerved to avoid the collision. The plaintiff testified that her car came to a complete stop approximately seven feet into the defendant's lane prior to impact.

The defendant, called as an adverse witness under section 60 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 60), testified that he had looked in the direction of the plaintiff's car at 1,000, 600, 550, and 200 to 150 feet from the intersection, but that he did not see it until he was approximately 30 feet from the point of impact. At this time, he estimated the plaintiff's distance from the intersection to be 30 to 35 feet. The defendant further testified that the plaintiff's car was traveling 20 to 25 miles per hour and that he was traveling 30 miles per hour.

The defendant continued to watch the plaintiff's car until he realized that it was not slowing down. He then applied his brakes at 20 feet from the point of impact but did not swerve or sound his horn. The defendant testified that the plaintiff's car was traveling 5 to 10 miles per hour at the time of the collision.

The accident occurred at approximately 5:30 p.m. under light, dry, and clear weather conditions. Both parties testified that there were no other cars in the vicinity and that each had an unobstructed view of the other. The defendant's car struck the left door and left front fender of the plaintiff's car.

The plaintiff's negligence complaint averred that at all times she was in the exercise of due care for her own safety. The defendant denied all of the plaintiff's allegations.

At the close of the evidence, both parties moved for directed verdicts. The defendant argued that the plaintiff was contributorily negligent in failing to warn her son sooner and in failing to control his driving. The plaintiff argued that she had exceeded the passenger's duty of care by warning her driver of a danger which he had seen. The trial court denied both motions and submitted the issue of contributory negligence to the jury. The jury returned a special finding that the plaintiff was contributorily negligent and a verdict for the defendant. The trial court denied the plaintiff's post-trial motion for judgment notwithstanding the verdict and a new trial on damages or a new trial on all of the issues.

Plaintiff requests that the judgment be vacated and be entered for the plaintiff or remanded for a new trial.

I.

The plaintiff first contends that the trial court erred in denying her motion for a directed verdict on the issue of her contributory negligence. Plaintiff suggests three arguments in support of this contention.

■■ First, in light of the defendant's failure to plead or prove a joint enterprise or a principal-agent relationship between the plaintiff and her son, the jury was properly instructed that the negligence, if any, of the plaintiff's son could not be imputed to her. *Summers v. Summers* (1968), 40 Ill. 2d 338, 343, 239 N.E.2d 795.

■■ Secondly, although it is the duty of a passenger in a vehicle where he has the opportunity to learn of and avoid a danger, to warn the driver of a vehicle (*Siebens v. Konicek* (2d Dist. 1969), 108 Ill. App. 2d 300, 304, 247 N.E.2d 453), the law is well settled that a passenger is under no duty to warn the driver of the approach of another automobile which the driver sees (*Leonard v. Murphy* (3d Dist. 1957), 13 Ill. App. 2d 39, 47, 140 N.E.2d 537). In light of Robert Bauer's testimony that he saw the defendant's vehicle, the plaintiff had no duty to yell the warning that she did.

■■ Although the question of contributory negligence ordinarily and preeminently presents a question of fact, it may become a question of law when from the undisputed facts, all reasonable minds, in the exercise of fair and honest judgment, would be compelled to reach the conclusion that there was no contributory negligence. (*Simaitis v. Thrash* (2d Dist. 1960), 25 Ill. App. 2d 340, 350, 166 N.E.2d 305.) We are of the opinion that when all the evidence is considered in its aspect most favorable to the defendant together with all reasonable inferences, there is no evidence from which the plaintiff's negligence in failing to warn her son could

reasonably be inferred. (*Smith v. Bishop* (1965), 32 Ill. 2d 380, 384, 205 N.E.2d 461.) Based on the facts in this record we think that reasonable minds, in the exercise of fair and honest judgment, would agree that plaintiff had no duty to warn her driver. Therefore the issue of contributory negligence should not have gone to the jury.

Finally, although we recognize that it has been held that the owner-passenger of an automobile is chargeable with his own negligence in failing to control the driving of his car unless he has abandoned his control (*Palmer v. Miller* (1942), 380 Ill. 256, 260, 43 N.E.2d 973), we also note that this owner-passenger duty to control is of ancient vintage. While the imposition of such a duty may well have served its purpose back in the days before automobile traffic became so heavy, we are of the opinion that the judicial encouragement of back (or front) seat driving under today's congested rapid-travel conditions could produce only detrimental effects. Today we must be concerned not only with the rights of litigants, but also with the safety of the public. We have decided that as a matter of law the issue of contributory negligence should not have gone to the jury. Nevertheless, we think the *Palmer* principle should be re-examined in light of today's driving conditions.

For the foregoing reasons, we find that there was no evidence from which the plaintiff's contributory negligence could reasonably be inferred, and that it was the trial court's duty to grant the plaintiff's motion accordingly. Because we reverse and remand for further proceedings not inconsistent with the views expressed herein, we find it unnecessary to address the plaintiff's other issues.

Reversed and remanded.

PERLIN and BROWN[1], JJ., concur.

---

[1] Justice Brown participated in this decision while assigned to the Illinois Appellate Court, First District.