THOMAS DAVELIS *et al.*, Plaintiffs-Appellants, *v.* CENTRAL ENGINEERING COMPANY, Defendant-Appellee.

Third District   No. 79-312

Opinion filed April 2, 1980.—Modified on denial of rehearing August 18, 1980.

Mark W. Schwiebert, of Schwiebert & Schwiebert, of Moline, for appellants.

Peter C. Fieweger, of Katz, McAndrews, Durkee & Telleen, of Rock Island, for appellee.

Mr. JUSTICE BARRY delivered the opinion of the court:

Plaintiffs Thomas and Efthemia Davelis brought a personal injury action in the Circuit Court of Rock Island County against the defendant Central Engineering Company. The jury returned a verdict in favor of both plaintiffs, awarding Thomas Davelis $5 and Efthemia Davelis $10,000. The defendant subsequently moved for judgment notwithstanding the verdict against each plaintiff, and this motion was granted. The trial court also conditionally granted the defendant's motion for a new trial in regard to each plaintiff. The motion of Thomas Davelis for a new trial on the issue of damages only was denied, and appeal taken.

The facts of this case are as follows. At noon, on September 7, 1971, the Davelises were traveling by automobile from Babcock Addition (near Silvis, Illinois) to Rock Island. Thomas Davelis was driving and his wife Efthemia was his passenger. The Davelises exited the John Deere Expressway (Illinois Routes 2 & 92) onto an access ramp (ramp "AC") which leads from the southbound lanes of the expressway and merges with the westbound lanes of Route 84. Ramp AC is one lane (12 feet) wide with an asphalt shoulder six feet wide to the north. In addition, to the north of the asphalt shoulder there was a a two-foot rock shoulder. The ramp has a 15- or 16-foot decline from its point of commencement to the point where it becomes level and adjacent to the westbound lanes of Route 84. Near the point where ramp AC merges with Route 84 there is a paved "fillit" which is located between the ramp and the highway. Traffic entering Route 84 from ramp AC has level access to the "fillit" and both westbound lanes, which are 24 feet wide.

On the day in question Kenneth McMaster, an employee of the defendant, was instructed to sweep shoulder rock off of the asphalt shoulder north of ramp AC and Route 84. The vehicle used to sweep the shoulder was a farm type tractor equipped with a rotating brush or broom. The tractor and broom combination was approximately 6½ feet wide, thus being slightly wider than the asphalt shoulder. The tractor was painted yellow and displayed a "slow moving vehicle" sign on the rear, but did not otherwise have any type of flashing light or warning device.

Mr. Davelis testified that sometime after entering ramp AC he observed defendant's tractor, with its rear end facing him, stationary on the north shoulder. When he first noticed the tractor he was approximately 600 feet away from it, and was traveling at 30 miles an hour. At a distance of 20 or 30 feet, the tractor suddenly swerved to the left onto the paved access ramp and into the path of the Davelis car. At

the same time, according to Davelis, the brush located on the tractor began to operate, and created a cloud of dust that obscured his vision. Mr. Davelis' car and the tractor then collided, the right front fender of the Davelis automobile striking the left rear wheel of the tractor.

McMaster testified that at the time of the accident the tractor was westbound on the asphalt shoulder traveling at a speed of approximately two miles per hour. Except for the rear left wheel of the tractor, which Mr. McMaster testified was on the north edge of the roadway, the entire vehicle was on the shoulder. He did not see the Davelis automobile until after the accident. McMaster further testified that during the 30-second period immediately preceding the collision the tractor was continuously moving westward on the shoulder and sweeping off the shoulder rock. He did not recall stopping the tractor after beginning to sweep the ramp, and denied turning the tractor to the left onto the roadway. The impact of the Davelis car caused the tractor to slide 10 or 15 feet straight forward on the shoulder, where it eventually came to rest. The collision occurred 600 feet west of the point where ramp AC becomes level with Route 84.

Two other individuals were eyewitnesses to the accident. Efthemia Davelis' testimony was basically the same as her husband's. However, her recollection of the accident was poor, and she admitted that it was most fair to say that she didn't really remember how the accident happened. Steven Haynes, a former employee of the defendant, testified on the defendant's behalf. He stated that he saw the Davelis car coming down the ramp "and it just looked like he just drove right into the tractor."

■■ The first contention made by the plaintiffs on appeal is that the judgments *n.o.v.* entered against them are improper. The standard used in determining the propriety of a judgment *n.o.v.* is the well-known *Pedrick* rule: Does all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favor the movant that no contrary verdict based upon that evidence could ever stand (*Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 229 N.E.2d 504). In his written opinion the trial judge states as the reason for granting the defendant's motion for judgments *n.o.v.* the "obvious" contributory negligence of the plaintiffs. It is true that ordinarily the question of contributory negligence is a question of fact for the jury. (*Bosel v. Marriott Corp.* (1978), 65 Ill. App. 3d 649, 382 N.E.2d 587.) "Contributory negligence becomes a question of law 'only when the evidence is so clearly insufficient to establish due care that all reasonable minds would reach the conclusion that there was contributory negligence.'" (*Bosel*, 65 Ill. App. 3d 649, 655, 382 N.E.2d 587, 592, quoting *Swenson v. City of Rockford* (1956), 9 Ill. 2d 122, 128, 136 N.E.2d 777, 780.) After reviewing the record, we find that the lower court was not in error when it granted the motion for a judgment *n.o.v.* with regard to the jury's verdict in favor

of Thomas Davelis. Mr. Davelis saw the tractor 600 feet ahead. Viewing the evidence in a light most favorable to Mr. Davelis, the tractor at this point was stationary and had its rear left wheel on the roadway. When the Davelis automobile was 20 or 30 feet away, the tractor swerved out from the shoulder, churning up dust and obscuring Thomas Davelis' vision. However, the accident clearly could have been avoided by Mr. Davelis had he taken any evasive action. At the point where the accident occurred, the road was level and Mr. Davelis had nearly 40 feet of pavement on the left (two lanes of Route 84 and the 12-foot width of ramp AC). He could have easily and with safety moved his automobile to the left as he approached the tractor, as by his own testimony there was no westbound traffic nor other traffic anywhere. Instead, as the trial court phrased it, "Mr. Davelis, by his own testimony 'kept on the inside lane', 'kept right' and ran into the rear end of an extremely slow-moving vehicle."

Further evidence of Thomas Davelis' contributory negligence is revealed by his own testimony on time and distance factors. The plaintiff testified that his speed prior to the collision was 30 miles per hour. At that speed he was traveling 44 feet per second. He further testified that his car was 20 or 30 feet away from the tractor when the tractor began to move. In response to the question "About how much time elapsed from when this tractor began moving and when the collision occurred?" he stated, without qualification, "two seconds." In two seconds the Davelis car would have traveled 88 feet, thus making it impossible for the accident to have occurred. Even if Mr. Davelis' perception of the amount of time which elapsed from the moment the tractor began moving until the collision was erroneous, and, giving him the benefit, we assume there was only a one second interval between the movement of the tractor and the collision, at 30 miles per hour the Davelis car would still have been past the tractor if indeed the tractor was only 20 or 30 feet away from the Davelis car when it swerved out onto the roadway, and in any event the car's right front fender could not have then struck the left rear wheel of the tractor. Given these facts, it becomes clear that Mr. Davelis was mistaken in regard to the distance involved, the time from the tractor's first movement to the impact, or both. The only conclusion that can be drawn is that Mr. Davelis was more than 20 or 30 feet away from the defendant's tractor when he saw it move and had more time in which to react than he believes he had. It is virtually impossible for defendant's tractor, moving two miles an hour (less than 3 feet per second) to have "swerved" out onto the roadway without Mr. Davelis having seen it do so. Given the facts so related by Mr. Davelis, he would have had ample time and space to steer away from the tractor.

It is another of the plaintiffs' contentions that the credibility of

witnesses and the believability of their testimony should not be a subject for the court to consider in reviewing a motion for a judgment *n.o.v.* (*Cf. Larson v. Harris* (1966), 77 Ill. App. 2d 430, 222 N.E.2d 566 ("weight or quality" of testimony not to be involved on a motion for a directed verdict).) However, this is not a case where the trial court found the plaintiffs not to be credible or their testimony unbelievable. The trial court took the plaintiff's testimony as true, but found that for the accident to have occurred the plaintiffs must have been contributorily negligent as a matter of law. We agree with this finding in regard to plaintiff Thomas Davelis.

■■■ We believe, however, that the trial court's finding, as a matter of law, that Thomas Davelis' contributory negligence was the sole proximate cause of the injuries of Efthemia Davelis was erroneous. Viewing the evidence, as it must be, in the light most favorable to plaintiff Efthemia Davelis, the evidence indicates that the tractor did move onto the roadway, without signaling, while the Davelis auto approached from the rear. It also indicates that the tractor, as it moved onto the roadway, stirred up a cloud of dust in front of the oncoming auto. This evidence is sufficient to establish a jury question on the issue of the proximate cause of Efthemia Davelis' injuries. It is sufficient evidence for the jury to have found negligence on the part of the defendant which was a contributing cause of Mrs. Davelis' injuries. That is what the jury did, in fact, find in the case. That the evidence supports a finding that Thomas Davelis was guilty of contributory negligence in the accident does not thereby also establish that such negligence was the sole proximate cause. "It is a fundamental proposition in the law of negligence that there may be more than one proximate cause of an injury and that one is liable for its negligent conduct whether it contributed in whole or in part to a plaintiff's injury, so long as it was one of the proximate causes of the injury." (*Young v. Gateway Transportation Co.* (1975), 26 Ill. App. 3d 864, 872, 326 N.E.2d 222, 229; accord, Prosser, Torts §41, at 240 (4th Ed. 1971) ("[i]f the defendant's conduct was a substantial factor in causing the plaintiff's injury, it follows that he will not be absolved from liability merely because other causes have contributed to the result * * * .")). That Thomas Davelis could have avoided the accident with evasive action does not indicate that the defendant's negligence in entering onto the pavement without signaling played no causative part in the resulting accident and injuries.

We would also add that the negligence of a driver of a motor vehicle cannot be imputed to the passenger, with certain inapplicable exceptions. (*Summers v. Summers* (1968), 40 Ill. 2d 338, 239 N.E.2d 795). Although the law is settled that where a passenger in an automobile has an opportunity to learn of and avoid a danger, he has a duty to warn the driver of that danger. (*Siebins v. Konicek* (1969), 108 Ill. App. 2d 300, 247

N.E.2d 453). A passenger is under no duty to warn the driver of a danger which the driver sees. (*Bauer v. Johnson* (1978), 67 Ill. App. 3d 146, 385 N.E.2d 10; *Leonard v. Murphy* (1957), 13 Ill. App. 2d 39, 140 N.E.2d 537.) The testimony in the case is that Thomas Davelis saw the tractor move out onto the roadway. Therefore, on the basis of the foregoing authorities, Efthemia had no duty to warn him of the danger present, and was not guilty of contributory negligence.

Having concluded that Mrs. Davelis was not guilty of contributory negligence and that her husband's contributory negligence was not, as a matter of law, the sole proximate cause of her injuries, we reverse the circuit court's grant of the defendant's motion for a judgment *n.o.v.* in regard to the jury's $10,000 verdict in her favor.

Our action in reversing the judgment *n.o.v.* in the case of Efthemia Davelis requires us to now consider the propriety of the trial court's conditional granting of the defendant's motion for a new trial. The trial judge stated in his opinion that a new trial might have been required because of "improper instructions," and then made reference to plaintiffs' instruction No. 3 (Illinois Pattern Jury Instructions, Civil, No. 20.01 (2d ed. 1971) (hereinafter cited as IPI Civil)). This instruction was as follows:

"1. The plaintiff claims he was injured and sustained damage while exercising ordinary care and that the defendant was negligent in one or more of the following respects:

(a) In failing to keep a proper look-out for other motor vehicles rightfully on said road;

(b) In failing to properly mark said vehicle in order to warn oncoming traffic of its position in a parked or moving condition on said road in violation of Chapter 95½ Ill. Rev. Stat. §11—607 (1971);

(c) In failing to yield the right-of-way;

(d) In failing to use turn signals or other warning devices on said vehicle to warn of its entrance onto the road and into the path of plaintiffs' vehicle in violation of common law standards of due care and of the provisions of Chapter 95½ Ill. Rev. Stat. §11—804 (1977);

(e) In failing to erect signs warning oncoming traffic of road work being performed by the defendant at a reasonable distance from the above-referenced vehicle.

2. The plaintiff further claims that one or more of the foregoing was a proximate cause of his injuries.

\* \* \*

4. The defendant denies that he did any of the things claimed by the plaintiff, denies that he was negligent, denies that any claimed act or omission on the part of the defendant was a proximate cause

of the claimed injuries, and denies that the plaintiff was in the exercise of ordinary care."

The defendant contends that this instruction was erroneously given because there was no evidence in the record to support the inclusion of subparagraphs (c), (d), and (e). The defendant further contends that subparagraph (e) was erroneously included because it fails to adequately define the applicable standard of care and permitted the jury to speculate on the duty owed by the defendant in regard to the erection of warning signs.

We have previously held that it is not error for the trial court to give an instruction based upon a fact if there is *some* evidence in the record given in support of that fact. (*Malavolti v. Meridian Trucking Co.* (1979), 69 Ill. App. 3d 336, 387 N.E.2d 426.) Reviewing the record, we are of the opinion that there is sufficient evidence to warrant the inclusion of subparagraphs (c), (d) and (e). Thomas Davelis' testimony that the tractor swerved out in front of his car is evidence supporting that portion of the instruction regarding failure to yield the right-of-way. Similarly, his testimony that the tractor was not equipped with turn signals, and that McMaster did not make any type of gesture to indicate he was entering the roadway is evidence supporting that portion of the instruction relating to violations of common law standards of due care and the Illinois Vehicle Code. In addition, there is some evidence in the record to warrant the inclusion of subparagraph (e). There is testimony on the subject of the existence of required warning signs. The superintendent in charge of the operation, Daniel Schmidt, testified that there were warning signs placed in the area in accordance with the resident engineer's instructions. Mr. Davelis' testimony was to the contrary. However, the defendant takes the position that the giving of subparagraph (e) was erroneous because the record is devoid of any evidence that the defendant was under a duty to place signs within a reasonable distance of the tractor. We disagree. In the factual context of this case there is no real distinction between the general construction area and the area in which the tractor was located. There existed a duty to place signs within a reasonable distance of the construction work, and the tractor was working within the construction work area. It follows that there was a duty to have a sign a reasonable distance from the tractor which would warn of work ahead. The instruction simply implies that there was a duty to erect signs at a reasonable distance from where the work was being performed. There was no error here.

The defendant also contends that the trial court erred in giving plaintiffs' instruction 9B (IPI Civil No. 60.01), which reads as follows:

"B. There was in force in the State of Illinois at the time of the occurrence in question a certain statute which provided that:

At Chapter 95½ Illinois Revised Statute §11—804 (1977) which provides that no person may turn a vehicle from a direct course or move left or right upon a roadway unless and until such movement can be made with reasonable safety and no person may so turn any vehicle without giving an appropriate signal by means of an electric turn signal given continuously during not less than 200 feet travelled by the vehicle before turning.

If you decide that a party violated the statute on the occasion in question, then you may consider that fact together with all the other facts and circumstances in evidence in determining whether or not a party was negligent before and at the time of the occurrence."

■■ The defendant asserts that the giving of this instruction was error because there was no evidence to support it. To the contrary, there was evidence that the defendant's tractor moved left upon a roadway. Further, as we have previously stated in disposing of the defendant's contention that there was error in giving plaintiffs' instruction No. 3, there was evidence that the tractor failed to yield the right-of-way in so moving and displayed no turn signal of any kind. For the same reasons that we rejected the defendant's contention that the giving of plaintiffs' instruction No. 3 was erroneous, we find no error in the giving of plaintiffs' instruction No. 9B.

■■ In addition to specifying erroneous instructions as a ground for conditionally granting the defendant's motion for a new trial, the trial court stated that the $10,000 in damages awarded to Mrs. Davelis "might be excessive." However, "[i]n the proper exercise of his discretion a judge may not set aside a verdict and grant a new trial unless it is clear that the verdict resulted from passion or prejudice or is wholly unwarranted by the evidence." (*Dailey v. Hill* (1968), 99 Ill. App. 2d 474, 479, 241 N.E.2d 683, 685.) Considering the over $1,300 in specials proven by Mrs. Davelis, as well as the evidence of her pain and suffering, the $10,000 award is not "wholly unwarranted." Further, nothing in the record indicates that the jury was improperly instructed on the question of damages, nor is there anything in the record suggesting that the award was the result of passion or prejudice on the part of the jury.

■■ Because we are of the opinion that there was no error in either the giving of the instructions, or in the amount of the award to Mrs. Davelis, the trial court was in error when it conditionally granted defendant's motion for a new trial.

For the foregoing reasons, the judgment of the Circuit Court of Rock Island County with regard to Thomas Davelis is affirmed, and the judgment with regard to Efthemia Davelis reversed and remanded with directions to reinstate the jury verdict and enter judgment thereon.

Judgment affirmed in part, reversed in part and remanded with directions.

STOUDER, P. J., and ALLOY, J., concur.